RHODE ISLAND HOSPITAL TRUST Co. *vs.* JAMES C. M. EGAN *et al.*

JUNE 23, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a bill in equity for the construction of a will and for instructions to the trustee under the

will. The cause being ready for hearing for final decree has been certified to this court for its determination. (G. L. 1923, C. 339, s. 35.)

The bill is brought by the Rhode Island Hospital Trust Company, executor and trustee under the will of James T. Egan, deceased, against James C. M. Egan, the only child of said testator, Margaret Egan, Dennis C. Egan and Nora O'Brien, who by the terms of the trust take the trust estate if James C. M. Egan should die under the age of thirty-five years leaving no surviving issue. A guardian *ad litem* was appointed to represent the interest of persons not in being who may become entitled to any interest in the trust estate.

James T. Egan died March 26, 1931. His will, executed August 14, 1928, was admitted to probate April 24, 1931. The value of his estate as inventoried in the probate court of Providence was $97,523.00.

By the first and second clauses of the will the testator provides for the payment of debts and for the performance of certain religious obligations. By the third clause he gives his son James $2,000 and all his household goods and other personal property in his residence at the time of his death. By the fourth clause he gives to respondents Margaret, his sister, Dennis, his brother, and Nora, his niece, $2,000 each.

The fifth clause is the particular provision the construction of which is now sought. Thereby the testator gave to the Rhode Island Hospital Trust Co., his trustee, all the residue of his estate with direction, after the payment of all taxes, assessments and other charges, that "the remainder of said income or such portion thereof as may be necessary, shall be applied by said trustee for the support, maintenance and education of my said son, James C. M. Egan, until he shall have arrived at the age of thirty-five years. And in the event that the income from said trust estate is insufficient to pay the aforesaid expenses and for

the proper support, maintenance and education of my said son as aforesaid, then I authorize and empower my said trustee to use and apply such part or parts or the whole of the principal of my trust estate as my said trustee shall in its uncontrolled discretion deem proper and necessary.

"Upon my said son attaining the age of thirty-five years, said trustee shall convey, transfer, pay over and deliver said trust estate and the accumulations thereto, to my said son, he to take and hold the same to his own use forever.

"Provided, however, that if my said son shall desire to occupy my residence during the period of said trust, said trustee shall arrange that my said residence shall be occupied by my said son without the payment by him of rent, taxes, or repairs as long as he may wish to occupy said residence.

"Provided, further, that my said trustee in its uncontrolled discretion may, on my said son attaining the age of twenty-seven years, advance to my said son not more than one-quarter of the principal of the trust estate for the purpose of establishing a home or engaging in a business or profession.

"In the event of my said son dying before he attains the age of thirty-five years leaving lawful issue surviving him, said trustee shall convey, deliver and pay over said trust estate and all accumulations thereof to such issue.

"In the event of my said son dying before he attains the age of thirty-five years, without leaving lawful issue surviving him, the said trustee shall convey, transfer, deliver and pay over said trust estate and all accumulations thereto in equal shares to my sister, Margaret Egan, to my said brother, Dennis C. Egan, and my said niece, Nora C. O'Brien, to them, their heirs and assigns forever."

The son James is now 25 years of age. He is a student in a law school in Boston, Mass., and travels daily from Providence to attend the school. December 28, 1931, he was married and with his wife lives in the residence formerly occupied by his father.

The trustee estimates that the net income available for the support of the son, after the payment of the fixed charges, is approximately $2,700 a year. The payments made to the son from June 1931 to March 1932, when this bill was filed, total $1,400 and also additional payments of $25 a month for traveling expenses during the school year, for tuition, and $50 for books and supplies, have been made. The monthly payments have been usually either $100 or $150. At the time of the son's marriage some of the respondents made to the trustee a formal objection to the payment of any sum in excess of $100 a month to the son and also stated that in their opinion no part of the income of the trust could properly be applied to the support of his wife. The trustee, being in doubt as to its duty under the terms of the trust, has brought this suit in equity.

The principal question is, does the provision in the fifth clause "for the support, maintenance and education of his son, James C. M. Egan, until he shall have attained the age of thirty-five years" include the support of his wife and any children who may be born of his marriage. The secondary question is as to the amount of the payments to be made.

The fundamental rule of construction of a will is that the intention of the testator is to be made effective if it is not in violation of law. To ascertain this intention the testator's language should not only receive a sensible interpretation but should be interpreted with reference to the whole will, to the subject matter relative to which it speaks and to the circumstances existing at the time of the execution of the will relative to the testator's family and his estate. *Chapin* v. *Hill*, 1 R. I. 446; *Gee for an Opinion*, 44 R. I. 132.

In the instant case the testator's intention is clear and unmistakable. Its discovery requires no other consideration than a careful reading of the will. Having made such gifts as he wished to his brother, sister and niece, the controlling and dominant purpose of the testator was to make the best provision for his only child which a wise father

could plan. Upon his son's reaching maturity at the age of thirty-five, he was to receive the *corpus* and accumulated income of the trust estate. In the meantime the trustee was directed to use the income or, if necessary, the whole or part of the principal for the "proper support, maintenance and education" of the son.

That the testator considered the probability that his son might marry before he was thirty-five years of age is evident. The *corpus* of the estate was given to the lawful issue of his son if he died before he was thirty-five. The provision for the occupation of the paternal residence free of expense is significant and becomes doubly so by the subsequent provision authorizing the trustee when the son attained the age of twenty-seven years to advance to him one-quarter of the principal of the trust estate "for the purpose of establishing a home . . . ." As the son already had been afforded a residence for himself in the will, the additional provision for the establishment and support of a home was manifestly intended to make a suitable allowance for the support of a wife and children, if any. The son if he married would be morally and legally bound to support his family.

The language of the will shows an intention of testator to make a distinction between the occupation by his son of the residence and the establishment of a home therein. The primary meaning of "home" (see Webster's new International Dictionary) is the house in which one lives with his family.

It is clear that the testator's intention was to provide a sufficient income for the proper support not only of his son but also for his son's family if he should marry. The amount necessary for such support is a question of fact to be decided in the first instance by the trustee in the exercise of a reasonable discretion; and such decision, if objected to, is subject to review. *Thurber v. Thurber,* 43 R. I. 504 at 517.

At the hearing in the Superior Court, counsel for James C. M. Egan submitted an itemized estimate of the annual expense necessary for the support of himself and his wife. Counsel for the other respondents submitted no evidence whatever. The trustee testified that in its opinion the sum of $3,145 a year is necessary for the support of Mr. Egan and his wife. This allowance is satisfactory to Mr. Egan. In the circumstances we are of the opinion that said proposed allowance is appropriate. The primary intention of the testator is to provide for the support of his son and his family, not to secure an accumulation of income. For such support both income and principal, if necessary, may be used.

On June 28, 1932, the parties may present a form of decree in accordance with this opinion.

*Tillinghast & Collins, Colin MacR. Makepeace,* for complainant.

*Homer Albers of Boston, Mass., McGovern & Slattery, Fred B. Perkins,* for respondent Egan.

*Roger L. McCarthy,* Guardian *ad litem.*