774

United States Court of Appeals for the District of Columbia.

Argued Nov. 9, 1934.

Decided Dec. 10, 1934.

Charles S. Baker and Benjamin L. Tepper, both of Washington, D. C., for appellant.

Benjamin S. Minor, Arthur P. Drury, and Conrad H. Syme, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Some time during the month of December of 1932 or January, 1933, appellant, plaintiff below, brought suit for divorce against the defendant Coldwell S. Johnston in the Supreme Court of the city of New York, where an order was entered on the 27th day of January, 1933, requiring the defendant to pay to plaintiff alimony pendente lite at the rate of $350 per month, commencing on the 27th day of December, 1932, and counsel fees in the sum of $750.

The defendant having failed to comply with the order, the court, by an order entered the 25th day of March, 1933, found the defendant in contempt of court and imposed a fine of $1,400 to be paid to the plaintiff, in default of which the defendant was to be apprehended and held in custody until he purged himself of contempt by payment of the fine.

Thereafter, upon showing made to the court that the defendant had escaped from the jurisdiction and was avoiding apprehension and detention, the court, on the 4th of April, 1933, appointed a receiver who was authorized to seize and sequester the assets of the defendant, consisting of personal property, together with rents and profits of his real estate, and to apply the same to the payment of $1,750, the amount then accrued, and to such further sums as might become due from month to month under the order of the 27th of January and the subsequent orders entered.

The bill then charges the removal of his assets by the defendant from the city of New York to the District of Columbia, and the transfer and assignment of portions of the assets to his brother, Walter A. Johnston, a defendant herein, without consideration and for the sole purpose of avoiding and defeating the payment by him of the amounts ordered by the New York court. It is further alleged that notice was duly forwarded by the New York receiver to Walter A. Johnston, and the National Savings & Trust Company, a defendant herein, of the order appointing the New York receiver, with a demand upon Walter A. Johnston to make reconveyance of the assets transferred to him by his brother, which demand has not been complied with.

Plaintiff prays in her bill for the appointment of an ancillary receiver pendente lite of the property situated in the District of Columbia belonging to Coldwell S. Johnston; and that the property "be sequestered and applied to the payment of the amounts as determined and ordered by the Supreme Court of the County and State of New York;" and for disclosure by defendants Walter A. Johnston and the National Savings & Trust Company, and for other and further relief.

When this suit was brought in the District of Columbia, summons was issued against the defendant husband and returned "not to be found," then substituted service by publication was made in the manner and form prescribed by statute. Defendant Coldwell S. Johnston failing to answer within the time set in the order of publication, a decree pro confesso was entered against him; whereupon his counsel, under a special appearance, moved the court to vacate and set aside the order of publication against him and to vacate and set aside the decree pro confesso "on the ground that the above-entitled action is an action in personam and that this court is without jurisdiction to enter said order of publication and without jurisdiction to enter said decree pro confesso upon said order of publication." From an order sustaining the motion, this appeal was taken.

It will be observed that the material question here involved is one of jurisdiction. An order for alimony and attorney's fees pendente lite in a divorce proceeding is in effect a personal decree, and can only be enforced in a foreign jurisdiction after personal service upon the defendant, regardless of the statutory provisions in the state or jurisdiction where the divorce proceeding is pending. Publication may be substituted for personal service of process upon any defendant in a divorce proceeding in this District. D. C. Code, 1929, tit. 24, § 378. Whether a similar proceeding could be had in New York is not important, since in this case personal service was had upon the defendant, the plaintiff and defendant both being residents of that state. In this District, and, from the proceedings had in this case, presumably in New York, the court may, "in case of the husband's failure or refusal to pay such alimony and suit money, sequestrate his property and apply the income thereof to such objects." D. C. Code, 1929, tit. 14, § 70.

This right, however, to proceed against the property of the defendant arises from the nature of the proceeding in which the order is entered, namely, the divorce proceeding which is a proceeding in rem, and the order for the payment of alimony and suit money, by the court having original jurisdiction of the action for divorce, is merely quasi in rem. "The jurisdiction thus acquired over the property of the defendant arises from the peculiar status of the parties. It is the marriage status which constitutes the res, making a divorce proceeding one in rem, and not an action in personam. An order to sequestrate property of the absent defendant, within the immediate jurisdiction of the court, is quasi in rem, issued to satisfy a personal claim on specific property. Thus the court acquires jurisdiction to render a judgment essentially in rem affecting such property, notwithstanding the absence of the owner from the State, and the impropriety of rendering a personal judgment against him. The judgment is not effective against the world, but only the interest of the defendant in the property." Thompson v. Tanner, 53 App. D. C. 3, 287 F. 980, 985.

The special statutory right to proceed under substituted service against the property of the defendant in such a case is limited to the jurisdiction of the court in which the order was entered. Any attempt to enforce the payment of an order for alimony and suit money pendente lite in a foreign jurisdiction is in the nature of an action in personam, and can only be maintained through personal service upon the defendant. It is not dependent upon the character of the divorce proceeding in which a final decree has not yet been entered and may never be entered. It is merely a judgment for the maintenance of the plaintiff pending the proceedings and for the costs of conducting the suit, hence there is no ground, statutory or otherwise, outside of the jurisdiction where the divorce suit is pending, for treating the judgment as other than a judgment in personam for the payment of which the property of the defendant may only be subjected to the claim based upon the foreign order by execution or other legal process, after judgment obtained in a proceeding where the defendant has been brought into court by personal service.

Plaintiff's difficulty consists in her attempt to transfer the New York order and receivership to this jurisdiction, secure the appointment of an ancillary receiver, and then proceed to the enforcement of the New York order under the procedure here prescribed by statute. There are many reasons why this cannot be done. The receivership in New York was merely for the purpose of sequestering the property found within that jurisdiction for the purpose of satisfying an order limited in its effect to that jurisdiction. The order, as we have observed, amounts to nothing more than a judgment, entitled to full faith and credit, when trans-

ferred to a foreign jurisdiction, and the procedure to secure its enforcement is in an action at law to secure a money judgment, which can only be accomplished through personal service upon the defendant. The procedure here for the sequestration of property to secure the payment of an order for alimony pendente lite and suit money in a divorce proceeding here pending has nothing to do with this case. The only way the court can be given jurisdiction is through personal service upon the defendant in an action at law to recover a judgment for the amount involved in the New York order. The judgment then could be enforced by execution or other legal process for recovery upon a money judgment.

The order is affirmed with costs.