**BUCHANAN v. NATIONAL SAVINGS & TRUST CO.**

No. 8632.

United States Court of Appeals
District of Columbia.

Decided Nov. 13, 1944.

Mr. Wharton E. Lester, of Washington, D. C., with whom Mr. John S. Barbour, of Washington, D. C., was on the brief, for appellant.

Mr. Walter M. Bastian, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

MILLER, Associate Justice.

James A. Buchanan created five trusts, of which John R. Buchanan is a beneficiary and appellee the trustee. Appellant, Ruth L. Buchanan, the divorced wife of John, sued in the District Court to establish an interest in the trust funds and in the proceeds thereof, on behalf of herself, the minor child of herself and John, and certain creditors. The complaint joined the beneficiary and the trustee as defendants. Process was served upon the latter which answered, admitting its trusteeship, its possession of the trust res and the location of the res in the District of Columbia. The defendant Buchanan, being absent from the District, was proceeded against by publication under the provisions of Section 13—108 of the District of Columbia Code. He made no defense and entered no appearance. The trial court concluded: "1. None of the trust instruments create any right or interest in favor of the plaintiff in the income payable to John R. Buchanan. 2. It is not enough that the complaint states a good claim or demand entitling plaintiffs to a money judgment or other relief of a personal nature against the defendant Buchanan. The suit is not a suit in rem, and the suit being clearly one in personam the Court in the absence of the defendant Buchanan is without jurisdiction to enter any order herein. Thompson v. Tanner, 53 App.D.C. 3 [287 F. 980]; Bliss v. Bliss, 60 App.D.C. 237 [50 F.2d 1002]; Johnston v. Johnston, 64 App.D.C. 87 [74 F.2d 774]. 3. That the amended bill of complaint must be dismissed as to the defendant National Savings and Trust Company."

Appellant sought relief in equity, to construe decedent's will and his trust indentures; to enforce the trusts declared in those instruments; and for other purposes. She contends and asks the court to hold that the income payable to John R. Buchanan, "as a matter of law and from the express intent of the testator and settlor, is a trust fund also for the support and maintenance of the plaintiff, and the defendant's children, and should be applied for such purpose and to the arrears of any express obligations of John R. Buchanan for their support and maintenance on proof that no adequate provision is being made or during the accrual of the arrears was being made for their support and maintenance or that they are not free from want and inconvenience." In our opinion the immediate object of her action—to the extent indicated in the following paragraph—is to enforce or establish a lawful right, claim or demand against property within the jurisdiction of the court; hence it comes within the meaning of Section 13—108.[1]

In his will the testator specified that: " * * * the trusts created in and by this, Paragraph Eighth, of this, my will, are created by me for the *express purpose* of protecting my children and *descendants from want and inconvenience,* by reason of the vicissitudes of life, so far as reasonable foresight can prevent, * * *." [Italics supplied] Moreover, the will spoke in terms of the testator's grandchildren at several other points, thus indicating that he had them in mind as prospective recipients of his bounty, and indicating, also, his purpose that they, equally with his children, should be protected against want and inconvenience.[2] It is apparent, therefore, that it was the

---

[1] Green v. Brophy, 71 App.D.C. 299, 305, 110 F.2d 539, 545, and cases there cited.

[2] For example, the following language in Paragraph Eighth: "As and when any of my said three (3) children shall die (whether such death occur before or after my death), then in case the one so dying shall leave any child or children surviving, such child or children shall be entitled, in equal shares as between themselves, to their parent's share of said net income of said trust property, and until the determination of the trusts created in and by this Paragraph Eighth, of this, my will, said share shall be held in trust by my said trustees hereunder for such child or children, in equal parts as between themselves, and until such determination of the trusts created in and by this, Paragraph Eighth, of this, my will, shall be paid over to them respectively, in equal parts, as and after they respectively arrive at the age of twenty-one (21) years, said share, before their so arriving at that age, to be applied by my said trustees hereunder, during the continuance of the trusts created in and by this, Paragraph Eighth, of this, my will, to their support, education and mainte-

intention of the settlor to provide for the grandchildren out of the trust incomes, either indirectly, by their parents, or directly—in case of death of a parent—by the trustee. It is our duty to discover and carry out his intent[3] and in doing so it is as important to avoid unjust results as in the interpretation of statutes.[4] Both the welfare of the grandchildren and public policy as well require this conclusion.

For the carrying out of the settlor's purpose, John R. Buchanan, during his lifetime, occupies the position, not only of a beneficiary, but of a trustee as well. In failing to provide for his child he is, consequently, defeating the purpose of the settlor. It is proper under such circumstances for a court of equity to require the carrying out of the trust,[5] and, if necessary, to appoint a new trustee[6] for this purpose.

What the extent of provision for the child should be, must be determined by the District Court. Conceivably, it may decide to provide, also, for the child's mother;[7] on the theory that the comfort and convenience of a child cannot be achieved while his mother is suffering from want.[8] It may well decide to include, in such an award, enough to permit the child to defray the cost of necessities and conveniences supplied to him and his mother during the time when the father—in violation of his trusteeship and the expressed purpose of the settlor—failed to provide for the child.[9]

The District Court held correctly that appellant could not recover funds due as alimony to the wife or for the benefit of creditors. Such recovery would of necessity be based upon the theory of maintenance[10] or contract or debt. While a spendthrift trust may under some circumstances be subjected to the obligation

---

nance, so far as may be necessary, and the balance of said share of said net income shall be accumulated and paid over to them respectively on their respectively arriving at said age of twenty-one (21) years."

[3] Greenwood v. Page, 78 U.S.App.D.C. 166, 168, 138 F.2d 921, 923, and cases there cited.

[4] Consumers Union v. Walker, — U.S. App.D.C. —, 145 F.2d 33.

[5] 3 Bogert, Trusts and Trustees (1935) § 519; 2 Scott, Trusts (1939) §§ 164, 200.4; Restatement, Trusts (1935) § 199.

[6] Morgenthau v. Fidelity & Deposit Co., 68 App.D.C. 163, 164, 94 F.2d 632, 633; Restatement, Trusts (1935) § 157.

[7] Cf. Rhode Island Hospital Trust Co. v. Egan, 52 R.I. 384, 161 A. 124; In re Moorehead's Estate, 289 Pa. 542, 137 A. 802, 806, 52 A.L.R. 1251; England v. England, 223 Ill.App. 549, 554: "Recognizing the Biblical doctrine that husband and wife are one, it is inconceivable that a testator who expects his beneficiary, to whom he gives a stated income for his support and maintenance, to marry, should expect such beneficiary to enjoy the income alone and that the wife should be supported from some other fund, or not at all. When all the provisions of this will are taken into consideration, it is evident that such was not the intention of the testator, but that appellee, when she married Albert C., acquired an equitable interest in the trust fund to the extent of a right of support and maintenance together with her husband."

[8] Ellis v. Soper, 111 Iowa 631, 637, 82 N.W. 1041, 1043: "The welfare of the child requires that he should be educated and maintained in accordance with the social position which his means will enable him to enjoy. * * *"; Bailey v. Superior Court in and for Los Angeles County, 215 Cal. 548, 554, 11 P.2d 865, 868: "The order on its face states that such sum is to be paid for the maintenance of a home for the children. This seems to be a reasonable provision for the purpose of stabilizing the home life of the children. It can readily be seen that for the mother each summer to be compelled to give up the house which she is renting and store the furniture for two months would probably result in a constant change of neighborhoods and schools which would be detrimental to the children's welfare. *The fact that the mother may indirectly benefit by such provision does not ipso facto render the order one for the payment of alimony.* The father's duty of support for his children does not end with the furnishing of mere necessities if he is able to afford more. It would appear from the terms of the order of the interlocutory decree that the father, at the time of the entry of the decree, was fairly prosperous, and, if this be a fact, the requirement for the establishment of a permanent home was not unreasonable." [Italics supplied]; In re Soltis' Estate, 177 Minn. 571, 225 N.W. 896.

[9] See Schneider v. Schneider, 78 U.S. App. 383, 141 F.2d 542.

[10] Thompson v. Tanner, 53 App.D.C. 3, 287 F. 980; Bliss v. Bliss, 60 App.D.C. 237, 50 F.2d 1002; Johnston v. Johnston, 64 App.D.C. 87, 74 F.2d 774.

to support a wife or child,[11] the enforcement of such an obligation would require either personal service on John Buchanan or an attachment of his equitable interest in the fund after the execution of a bond.[12] Any provision which the court in this case may make for the wife must be based on the child's right to be protected, against want and inconvenience, under the trust created by the will. This means that the child should be awarded sufficient funds to meet his moral obligations toward his mother.

The case will be remanded with instructions to proceed in conformity with this opinion.

Reversed.

---

[11] Griswold, Reaching the Interest of the Beneficiary of a Spendthrift Trust, 43 Harv.L.Rev. 63, 64; 41 Harv.L.Rev. 409; Restatement, Trusts (1935) § 157: "Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary, (a) *by the wife or child of the beneficiary for support, or by the wife for alimony;* (b) for necessary services rendered to the beneficiary or necessary supplies furnished to him; (c) for services rendered and materials furnished which preserve or benefit the interest of the beneficiary." [Italics supplied]; England v. England, 223 Ill.App. 549; In re Moorehead's Estate, 289 Pa. 542, 137 A. 802, 52 A.L.R. 1251.

[12] D.C.Code (1940) § 16—301; Pennoyer v. Neff, 95 U.S. 714, 727, 24 L.Ed. 565.