**GAINES v. GAINES.**

No. 9232.

United States Court of Appeals
District of Columbia.

Argued May 31, 1946.

Decided Sept. 23, 1946.

Mr. James E. Shifflette, of Washington, D. C., for appellant.

Mr. Joseph Sitnick, of Washington, D. C., with whom Mr. Morris Benson, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

Thelma M. Gaines sued her husband, Charles H. Gaines, in the District Court of the United States for the District of Columbia for a limited divorce on the ground of cruelty, and for alimony pendente lite. Her complaint described her husband as a resident of Virginia and process was served on him in that commonwealth by a deputy marshal who certified in his return the time and place of service and that the husband was then "a non-resident of the District of Columbia."

Gaines answered. In one defense, he challenged the jurisdiction of the District Court to award a judgment in personam for alimony pendente lite, because the complaint showed him to be a non-resident of the District of Columbia, and the marshal's return showed that he was served in Virginia; and in another, he denied the allegations of cruelty and also pleaded affirmatively as to the merits.

When the cause came in for hearing on a motion for alimony pendente lite, the

lower court ordered Gaines to pay $50 per month for that purpose. He appeals.

Contentions of the appellant are, first, that the service of process in Virginia was invalid because prior thereto a summons had not been issued, and returned "Not to be found," in the District of Columbia, and his non-residence had not been proved by affidavit, according to the requirements of § 109, Title 13, District of Columbia Code 1940; second, that the order directing him to pay temporary maintenance amounted to a personal judgment against him which the court had no power to enter pursuant to service of process made outside the District of Columbia.

To dispose of the appellant's first point, we must consider, not only § 109 of Title 13 of the Code, on which he relies, but § 108 as well. The latter section sets up, in two literary paragraphs, two separate methods of bringing a non-resident defendant before the court in certain enumerated proceedings in rem, among which is an action for divorce. The substitution of publication for personal service of process, under specified conditions, is authorized in the first paragraph of the section, provided the fact of non-residence has been shown by affidavit; and in the second paragraph, it is provided that personal service on a non-resident may be made out of the District of Columbia, it being required that "the return must show the time and place of such service and that the defendant so served is a non-resident of the District of Columbia." The statute gives to such personal service the same effect and no other, as an order of publication duly executed. There is no relation between the two literary paragraphs of § 108 except that they deal with the common subject of providing a method to obtain jurisdiction over a non-resident for the purpose of entering judgment in a proceeding in rem, and except that the personal service method shall have exactly the same effect as the publication method.

■ The Virginia deputy marshal's return concerning the service on Gaines met the requirements of the second paragraph of § 108, but the appellant insists that there should first have been compliance with § 109, the omission of which he says invalidates the service. His insistence is based, of course, on the idea that § 109 relates to the personal service paragraph of § 108, just as it does to the publication paragraph and that, therefore, its requirements must first be met in order to validate out-of-the-District personal service. But the language of § 109[1] refers specifically to the substitution of publication for personal service, and does not purport to relate to the portion of the preceding section which has to do with personal service on a non-resident. Moreover, the paragraph of § 108 concerning personal service requires that the return of the officer show the non-residence of the defendant; this would be a gratuitous provision if an affidavit of non-residence prior to the issuance of process to the foreign jurisdiction were required by § 109, as that section plainly demands prior to publication. It is our view that the service of process on Gaines in Virginia was valid for the purpose set forth in the statute which authorized it to be made.

■ The appellant's contention that the court was not authorized to enter what he says amounts to a personal judgment remains to be considered. An order directing the payment of alimony pendente lite is a judgment in personam.[2] Such an order can be entered only against a defendant who has been personally served in the territorial jurisdiction of the court, or a de-

---

[1] § 13—109, District of Columbia Code 1940. "No order for the substitution of publication for personal service shall be made until a summons for the defendant shall have been issued and returned 'Not to be found,' and the nonresidence of the defendant or his absence for at least six months shall be proved by affidavit to the satisfaction of the court."

[2] Thompson v. Tanner, 53 App.D.C. 3, 287 F. 980. Compare Bliss v. Bliss, 60 App.D.C. 237, 50 F.2d 1002, 1003, in which this court, distinguishing the case then before it from the earlier case of Thompson v. Tanner, supra, said: "* * * There the action was for divorce, which is a proceeding in rem and in which a valid decree may be rendered without jurisdiction of the person of the defendant. Here the suit is for maintenance, that is to say, for a personal decree for money which, as we pointed out in the Tanner case supra, is essentially a proceeding in personam."

fendant who has appeared. A decree for the payment of alimony against a non-resident brought before the court by constructive or extra-territorial service is void except as to property within the jurisdiction of the court which has been specifically proceeded against in the divorce action.

It is not alleged in the complaint in the present case, nor does it appear otherwise in the record, that Gaines had any real or personal property in the District of Columbia. Other than the marital status, no res is exhibited in the record concerning which the court could adjudicate after having acquired, through personal service outside the District, jurisdiction for the limited purposes set out in § 108, Title 13, of the Code.

■ In answer to the appellant's contention that the order directing him to pay alimony during the pendency of the suit was a personal judgment against him, the appellee urges that the award of alimony pendente lite was merely an incident of her suit for a limited divorce and that, therefore, the unquestioned power of the court to grant such a divorce after personal service on the appellant in Virginia includes authority to do the incidental thing of granting temporary maintenance. Our decisions are to the contrary.[3] While an action for divorce is in rem, an effort to obtain a money judgment, unconnected with the claim of, right to, or lien upon, real or personal property, is in personam. Hence the order which directed

Gaines to pay temporary alimony is void for lack of jurisdiction of the person of Gaines, unless by his own act he had subjected himself to the court's authority in that respect.

■ Gaines submitted generally to the court's jurisdiction, the appellee says, by the prayer of his answer, which includes the following: "That in event the Court feels that the interests of the parties and those of the minor child will be best served by a hearing on the merits (third defense), then upon such hearing, custody of the child be awarded permanently to the defendant or the mother of the defendant, who is presently caring for the child in her home in Arlington, Arlington County, Virginia."

Having presented as one of his defenses the court's lack of jurisdiction to enter personal judgment against him, Gaines proceeded to plead to the merits. He could do this under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, without waiving the jurisdictional objection.[4]

It follows from what we have said that, in our view, the order complained of amounted to a personal judgment which could not be entered against the appellant who was not served in the District of Columbia and who did not voluntarily enter his appearance.

Reversed.

---

[3] Thompson v. Tanner, supra; Bliss v. Bliss, supra.

[4] Cooper v. Burton, 75 U.S.App.D.C. 298, 127 F.2d 741. Cf. Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177, 130 A.L.R. 1014.