### MABEN v. NORVELL.
### No. 11863.

United States Court of Appeals
District of Columbia Circuit.

Argued March 16, 1954.

Decided May 13, 1954.

**264**

Mr. Wesley E. Disney, Washington, D. C., for appellant.

Mr. Wilfred Hearn, Chevy Chase, Md., for appellee.

Before CLARK, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant, administratrix of the estate and sole heir of William N. Maben, whom we shall refer to as plaintiff, sued in the District Court for relief designed to protect a monetary interest said to have been obtained by her decedent in certain funds paid to the United States by Mexico in settlement of claims. Her complaint alleged that an award payable from these funds had been made to Woodson E. Norvell, who assigned a percentage of it to William N. Maben during his lifetime. George E. Norvell,[1] administrator and sole heir of Woodson E. Norvell, was named as defendant. The Secretary of the Treasury and the Treasurer of the United States, each by name, were also made defendants. They were said to have control over the balance due under the award.

Defendant Norvell, administrator, appeared specially and moved to quash service made upon him in Oklahoma, the State of his residence. He also moved to quash service upon the Register of Wills of the District of Columbia, purported to have been made pursuant to § 20–118, D. C. Code, 1951.

The Secretary of the Treasury and the Treasurer of the United States moved to dismiss, asserting the court was without jurisdiction of the subject matter and the complaint failed to state a claim upon which relief could be granted.

The District Court first dismissed the complaint as to all parties for failure to state a claim upon which relief could be granted, but with leave to amend within 10 days. No action was taken explicitly then, or at any time, on the motions to quash service. The court finally dismissed the entire action with prejudice upon failure of plaintiff to file an amended complaint.

■ Subsequently plaintiff appears to have sued defendant Norvell, administrator, in Oklahoma and to have been confronted there with a plea of res judicata based on the dismissal of her complaint in this jurisdiction with prejudice. Thereafter she moved in the District Court here for an order *nunc pro tunc* excepting from the final dismissal order defendant Norvell, administrator, so as to make the dismissal as to him without prejudice. This motion was denied, accompanied with a memorandum of the court showing the reason to be plaintiff's failure to avail herself of the opportunities afforded by the court for filing an amended complaint. Plaintiff appeals,[2] contending the court below lacked authority to dismiss the action with prejudice as to defendant Norvell, administrator, while his challenge to the jurisdiction of the court remained pending.

■ Service made on defendant Norvell, administrator, in Oklahoma did not give the court below jurisdiction of him *in personam*. But we cannot say from the record whether or not jurisdiction *in personam* was obtained over defendant Norvell, administrator, by reason of service upon the Register of Wills of the District of Columbia, or whether jurisdiction *in rem* was obtained over funds or property in which defendant Norvell, administrator, had an interest. If jurisdiction in neither respect was obtained the complaint, insofar as it sought judgment against him should have been dismissed for lack of jurisdiction.

---

1. Hereinafter referred to as defendant Norvell, administrator.

2. Though stated to be from the order denying the motion to amend the final order of dismissal, we consider the appeal to be from denial of a motion for relief from a final judgment, under Rule 60(b), Fed.R.Civ.P., 28 U.S.C.A.

The appeal, insofar as it relates to the Secretary of the Treasury and the Treasurer of the United States, was dismissed by order of this court on November 13, 1953.

■ The appropriate procedure in the circumstances is to vacate the judgment, insofar as it applies to defendant Norvell, administrator, and remand the case. If on remand it is found that *in personam* jurisdiction was acquired over defendant Norvell, administrator, disposition should be made of the motion to dismiss as to him, or otherwise on the merits, with prejudice. If jurisdiction *in rem*, but not *in personam*, is found to have been acquired, like disposition may be made as to the funds or property which form the basis of *in rem* jurisdiction, but the complaint should be dismissed for lack of jurisdiction insofar as it seeks judgment *in personam* against defendant Norvell, administrator. If jurisdiction in neither respect is found to have been obtained, judgment dismissing the complaint as to him for lack of jurisdiction should be entered.[3]

It is so ordered.

**3.** As to the propriety of vacating the judgment and remanding with directions rather than affirming a judgment of dismissal on the merits where in fact there is want of jurisdiction, see International Longshoremen's and Warehousemen's Union v. Boyd, 347 U.S. 222, 74 S.Ct. 447.