**John J. SPRIGGS, Sr., Appellant,**

v.

**Douglas McKAY, Secretary of the Interior, et al., Appellees.**

**No. 12306.**

United States Court of Appeals District of Columbia Circuit.

Argued May 10, 1955.

Decided Sept. 29, 1955.

Mr. John J. Spriggs, Jr., Lander, Wyo., for appellant. Mr. John J. Spriggs, Lander, Wyo., of the bar of the Supreme Court of Wyoming, was allowed to argue pro se.

Mr. S. Billingsley Hill, Atty., Dept. of Justice, with whom Mr. Roger P. Marquis, Atty., Dept. of Justice, was on the brief, for appellees.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The appellant John J. Spriggs, Sr., sued the Secretary of the Interior and Mary Bradford O'Neal Candler to have them declared trustees for him of certain lands in the Wind River Indian Reservation in Wyoming, and for related relief. As Mr. Spriggs puts it in his brief, he sought a declaratory judgment determining his rights under certain deeds. He claimed the rights by reason of legal services to Mary Bradford O'Neal Candler in connection with her lands, in payment for which she had attempted to deed him an interest therein. The difficulty is that the lands with respect to which he seeks to impress a trust or to obtain other relief at the hands of the Secretary are within Indian Allotments made under the General Allotment Act.[1] The Allotments are Nos. 125, 947, 948, 2123 and 2124. Also involved are lands within Allotment No. 950 [2] which, as we shall see, present a somewhat different problem.

■ Mary Bradford O'Neal Candler is a Shoshone Indian of three-fourths white blood. Through descent and testamentary disposition she acquired interests in said Allotments Nos. 125, 947, 948, 2123 and 2124. Under the allegations of the complaint the legal title to these interests is either in the United States in trust under the provisions of the General Allotment Act, supra, n. 1,[3] as the Secretary contends, or in Mary Bradford O'Neal Candler, as Mr. Spriggs contends. If the former, that is, if the lands are still governed by the terms of the General Allotment Act, then Mr. Spriggs' suit to establish an interest therein is one against the United States to which it has not consented. See Minnesota v. United States, 305 U.S. 382, 386, 59 S.Ct. 292, 294, 83 L.Ed. 235, where it is said with respect to Indian allotted lands, "the United States owns the fee of these parcels" and is an indispensable party to a proceeding against property in which the United States has an interest. If, as Mr. Spriggs urges on the basis of the history of these lands as set forth in his complaint, the title is unrestricted in Mary Bradford O'Neal Candler, the District Court did not obtain jurisdiction to grant the relief he seeks because personal service within the District of Columbia was not had upon Mary Bradford O'Neal Candler, who was an indispensable party. The question whether the land is restricted could not be determined in her absence. Moreover, she holds the beneficial interest under a quitclaim deed executed by appellant which purported to convey these lands to the Government,[4] a deed which appellant seeks to cancel by this suit. The service upon Mary Bradford O'Neal Candler in Wyoming did not give the District Court jurisdiction because the land is not within the District of Colum-

---

1. Act of February 8, 1887, 24 Stat. 388, as amended, 25 U.S.C. § 331 et seq. (1952), 25 U.S.C.A. § 331 et seq.

2. The trust patents of Allotments Nos. 125, 947 and 948 are dated October 19, 1907, of Nos. 2123 and 2124, May 11, 1916, and of No. 950, October 19, 1907.

3. The original term of restrictions on alienation was authorized to be extended, and was extended, under the provisions of the Act of June 21, 1906, 34 Stat. 326, 25 U.S.C. § 391 (1952), 25 U.S.C.A. § 391, and Executive Orders thereunder.

See Executive Orders No. 5768 of December 30, 1931; No. 8580 of October 29, 1940, 5 Fed.Reg. 4314; and No. 8965 of December 10, 1941, 6 Fed.Reg. 6368.

4. The deed was dated March 31, 1930, and was received by the Government on April 5, 1930. Appellant alleges that the request by the Government for this deed was based upon an erroneous determination that the lands were restricted and that a prior deed by Mary Bradford O'Neal Candler to appellant was therefore invalid.

bia. See Maben v. Norvell, 94 U.S.App. D.C. 165, 214 F.2d 263; Gaines v. Gaines, 81 U.S.App.D.C. 260, 261–2, 157 F.2d 521, 522–3; Rule 4(f); Fed.Rules Civ. Proc., 28 U.S.C.A.; § 13–108, D.C.Code 1951. The District Court properly concluded, therefore, that it lacked jurisdiction. 119 F.Supp. 232.

 As to Allotment No. 950 the court held, as the Secretary concedes to be correct, that all restrictions on the land in this Allotment had been removed by a fee patent No. 658,744 issued to Lilly Passedoah on January 11, 1919. This patent conveyed the legal title in fee simple to the then owner, through whom defendant Candler claims. It is also conceded that a subsequent conveyance of this land by Mr. Spriggs to the United States at its request, in trust for Mary Candler, the same person as defendant Candler, after a conveyance by her to him, was upon the mistaken view that the land was restricted and that the earlier deed to him accordingly was invalid.[5] The cloud which appears thus to have been cast upon his title to this tract through mistake may no doubt be removed by legislation,[6] or possibly by appropriate litigation. The present suit, however, does not serve the purpose because, as hereinabove shown, Mary Bradford O'Neal Candler has not been personally served with process in this jurisdiction. Even were we to assume that some relief would be possible against the Secretary were defendant Candler before the court, she is an indispensable party, for Mr. Spriggs claims through her and she holds the beneficial interest under Spriggs' quitclaim deed to the Government.

Construing the judgment of the District Court as one dismissing the complaint for lack of jurisdiction it is

Affirmed.[7]

---

5. This land was included in the deed of March 31, 1930. See note 4 supra. However, the Government's concession applies only to Allotment No. 950, not to the other five allotments covered by the same deed.

---

6. At oral argument counsel for the Secretary intimated this possibility.

7. Although the District Court also found other reasons for denying relief, it held initially that it was without jurisdiction.