Carlisle Bush WIGGINS, Appellant,

v.

William McKinley WIGGINS, Appellee.

No. 2058.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 9, 1957.

Decided Sept. 27, 1957.

---

Catherine U. Welch, Washington, D. C., for appellant.

William J. Garber, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal presents the question whether in a suit for divorce in the Domestic Relations Branch of the Municipal Court, valid service of process may be made on a nonresident defendant by personal service outside the District, or must resort be had to service by publication. The question arises because of certain statutory enactments. In Section 105 of our original Code of 1901 (now appearing in Section 13–108 of the 1951 Code) it was provided that in various types of actions, including divorce, publication might be substituted for personal service of process on nonresident defendants. In 1920 a new paragraph was added to Section 105, providing for personal service of process outside the District on nonresident defendants, which service should have "the same effect and no other as an order of publication duly executed." Act of April 19, 1920, 41 Stat. 556, Chap. 153. In 1956 there was created a Domestic Relations Branch in the Municipal Court and it was given "exclusive jurisidiction over all actions for divorce," which jurisdiction had previously existed in the United States District Court for the District of Columbia. Code 1951, Supp. V, § 11–758 et seq. It was provided that service of process for the Domestic Relations Branch should be made by the United States marshal and that: "Service of process * * * may also be had by publication in the same manner as service of process is had by publication for the United States District Court for the District of Columbia."

In this case a nonresident defendant was personally served by a United States marshal in the State of Illinois, and on motion of defendant's appointed counsel, the trial court quashed the service. It was the view of the trial court that since the statute creating the Domestic Relations Branch authorized service on a nonresident defendant by "publication" and made no reference to personal service out of the District, service on nonresidents was restricted to service by publication.

It is true that service by publication and personal service outside the jurisdiction are two distinct forms of service. Until the new paragraph was added to our Code section in 1920, service on nonresidents could be effected only by publication. The term "publication" does not in and of itself include any other form of service; and our present Code section contains two paragraphs providing for two methods of serving nonresidents. In Gaines v. Gaines, 81 U.S.App.D.C. 260, 261, 157 F.2d 521, 522, it was said: "There is no relation between the two literary paragraphs of § 108 except that they deal with the common subject of providing a method to obtain jurisdiction over a non-resident for the purpose of entering judgment in a proceeding in rem, and except that the personal service method shall have exactly the same effect as the publication method." Accordingly in that case it was held that preliminary procedural requirements necessary for the publication method were not requirements for the personal service method.

We are not prepared to rule that the mere authority given the Domestic Relations Branch for service by publication necessarily included the personal service method.

However there are other factors to be considered. The Act creating the Domestic Relations Branch not only gave that Branch exclusive jurisdiction of all actions for divorce and other domestic relations matters, but also vested in the Branch "so much of the power as is now vested in the United States District Court for the District of Columbia, * * * as is necessary to effectuate the purposes of this chapter, * * *." Code 1951, Supp. V, § 11–763(a). The District Court had power to proceed in divorce cases on either the publication or personal service method, and it may well be argued that the broad grant of power above quoted included all methods of process, and that the express grant of power to proceed on service by publication was superfluous. For nearly forty years the personal service method has been employed in divorce actions in the District Court, and there is no apparent reason why Congress in transferring jurisdiction of divorce actions from the District Court to the Municipal Court would deny to the Municipal Court a method of process which generally is a more expeditious, less expensive, and surer method of service than publication.[1]

As pointed out in Gaines v. Gaines, supra, while our Code section provides two separate methods of service on a nonresident, the two methods deal with the same subject and the personal service method has exactly the same effect as the publication method. In other words, the personal service method is the equivalent of the publication method. Considering as a whole the statute creating the Domestic Relations Branch, and the purpose of the statute, it is our opinion that the expression that service of process may be had "by publication" means by publication or its statutory equivalent. Otherwise, we would have to conclude that the framers of the legislation either failed to recognize the difference between the two types of service or for some unapparent reason deliberately excluded a type of service long in use here and in general use elsewhere. We think the conclusion we have reached is the more reasonable one.

The order quashing service of process and dismissing the complaint is reversed.

---

[1]. See Falcone v. Hall, 98 U.S.App.D.C. 363, 235 F.2d 860, 862, where it was suggested in the circumstances of that case, "in order to insure" notice to a nonresident, service should be by the personal service method instead of publication.