Samuel W. POORVU, Plaintiff,
v.
Richard P. VACCA, Defendant.

Civ. A. No. 263-65.

United States District Court
District of Columbia.

June 8, 1965.

Sol J. Pokrass, Washington, D. C., for plaintiff.

Walter H. E. Jaeger, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on to be heard upon the motion of the defendant to quash the return of personal service of process. In support of his motion, the defendant offered three independent grounds.

One claim was that the defendant had no contract which could be the subject of the plaintiff's suit for specific performance, or in the alternative, for

damages. The defendant contended that the writing which purported to be a contract was really only "written evidence" of past transactions or an agreement to agree. In any event, he maintained, it was not a contract subject to specific performance. Having examined the writing in question and believing that the essential elements of a contract appear to exist, this argument is rejected as improperly raised on a motion to quash return of service. The legal nature of the writing, beyond the prima facie showing of a contract here found to exist, is the crucial and controverted issue to be determined by the trier of fact at the trial, or perhaps upon summary judgment proceedings. The plaintiff need not prove his case in order to justify service of process. See Metropolitan Life Ins. Co. v. Skov, 45 F.Supp. 140 (D.Or., 1942).

Secondly, the defendant contended that the return must be quashed because this was an *in personam* action and the Court had no jurisdiction over the person of the nonresident defendant. Plaintiff, on the other hand, maintained that the personal service herein effected on the defendant was valid and proper under the District of Columbia Code. The applicable Code provisions are:

"In actions specified by section 13–336, personal service of process may be made on a nonresident defendant out of the District, and the service has the same effect, and no other, as an order of publication duly executed." (13 D.C.Code § 337(a), Supp. IV, 1965)

"In actions specified by subsection (b) of this section, publication may be substituted for personal service of process upon a defendant who can not be found and who is shown by affidavit to be a nonresident * * *."
(13 D.C.Code § 336(a), Supp. IV, 1965)

This section (§ 336–a) applies to:
 *  *  *  *  *
"(7) actions that have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court."
(13 D.C.Code § 336(b), Supp. IV, 1965)

██ It readily appears from these provisions that Congress has departed from the old and generally confusing notions of *in personam* and *in rem* terminology in favor of language more easily understood and applied. The cited provisions clearly include actions equitable in nature, e. g. Buchanan v. National Savings & Trust Co., 79 U.S.App.D.C. 278, 146 F.2d 13 (1944); Green v. Brophy, 71 App.D.C. 299, 110 F.2d 539, 9 A.L.R.2d 1 (1940); although the court's power may be limited to property within the jurisdiction, Wagner v. Wagner, 110 U.S.App. D.C. 345, 293 F.2d 533 (1961); Coopersmith v. Stein, 14 F.R.D. 354, 355 (D.D. C.1953) ("This statute enables the court to act upon any real or personal property within its jurisdiction.") Therefore, whether service in this case was valid, under the Code, depends upon whether an action for specific performance of a contract conveying an interest in land within the District of Columbia has, as an immediate object, "the enforcement or establishment of any lawful right, claim, or demand * * *." The court concludes, under the Wagner case, supra, and upon independent judgment, that the effective and immediate object of this suit is within the quoted language of the statute. Consequently, service will not be quashed as improper under the Code.

██ The final position urged by the defendant was that he in fact owned no property in the District over which the Court had jurisdiction. This contention is based upon an alleged assignment of the defendant's admitted interest in the property prior to the institution of the present suit. However, the plaintiff has alleged, and the defendant has not denied, that a lease agreement recorded subsequent to the above assignment transferred an interest in the property back to the defendant. The Court is not certain, on the evidence before it, wheth-

er or not the defendant owns property in the District. However, it feels that the defendant has the burden, in the circumstances of this case and as the moving party, to satisfactorily establish its contention. This burden has not been met. Therefore, the motion is denied, but without prejudice to the defendant to raise this point at a later time.

It is so ordered.