**SPRIGGS**

v.

**McKAY, Secretary of the Interior et al.**

Civ. A. No. 380–52.

United States District Court

District of Columbia.

March 4, 1954.

John J. Spriggs, Jr., Washington, D. C., for plaintiff.

Herbert Pittle, Washington, D. C., for defendants.

KIRKLAND, District Judge.

### Findings of Fact

1. The plaintiff, who is a citizen of the United States and a citizen and resident of the State of Wyoming, is an attorney at law duly licensed to practice before the courts of Wyoming, the federal courts and the Department of the Interior. He has been licensed to practice law since 1904.

2. The defendant, Douglas McKay, is the present Secretary of the Interior of the United States and was substituted as a defendant for the former Secretary, Oscar L. Chapman.

3. The defendant Mary Bradford O'Neal Candler is a member of the Shoshone Tribe of Indians. She is of one-fourth Indian blood and is a resident of Lander, Fremont County, Wyoming. She is enrolled as a member of the Shoshone Tribe and was issued an allotment of land being Allotment No. 765 evidenced by a trust patent issued pursuant to the General Allotment Act, Act of February 8, 1887, 24 Stat. 388, 25 U.S. C.A. § 331 et seq. Subsequently on January 11, 1919, a patent in fee simple was issued to her covering her allotment. The patent in fee simple bore the number 658707.

4. A copy of the complaint filed in the present case was handed to Mary Candler in Lander, Fremont County, Wyoming. She was not served with process in the District of Columbia.

5.   Mary Candler was married to William O'Neal who also was a member of the Shoshone Tribe of Indians, being of one-fourth Indian blood.  He had been enrolled as a member of that tribe and had been issued Allotment No. 843 also issued in accordance with the General Allotment Act.  Subsequently William O'Neal received a patent in fee No. 525387 on April 19, 1916, covering his allotment.

6.   William O'Neal had been married four times previous to his marriage to Mary Candler and his first four wives predeceased him.  He had inherited interests in the following Indian allotments from his former wives:

1.   Allotment No. 125, Angeline LaJeunesse, Trust Patent No. 56833–12 issued October 19, 1907.  A $\frac{1}{28}$ths interest in the SE$\frac{1}{4}$ NE$\frac{1}{4}$; and Lot 5, Sec. 20; Lots 1, 2 and 3; and W$\frac{1}{2}$ NE$\frac{1}{4}$ S$\frac{1}{2}$ NW$\frac{1}{4}$; and NE$\frac{1}{4}$ NW$\frac{1}{4}$, Sec. 21; T. 2 S., R. 2 E., Wind River Meridian, in Wyoming containing 305.20 acres, by Heirship No. 29435–14.

2.   Allotment No. 947, Mr. Nibitsie, Trust Patent issued October 19, 1907.  An $\frac{81}{700}$ths interest in the N$\frac{1}{2}$ NE$\frac{1}{4}$; and NE$\frac{1}{4}$ NW$\frac{1}{4}$, Sec. 16, T. 3 N., R. 4 W., Wind River Meridian in Wyoming containing 120 acres, by Heirship No. 4004–15.

3.   Allotment No. 948, Thyra Passedoah, Trust Patent issued October 19, 1907.  An $\frac{18}{70}$th interest in the S$\frac{1}{2}$ NW$\frac{1}{4}$ and NW$\frac{1}{4}$ NW$\frac{1}{4}$, Sec. 16, T. 3 N., R. 4 W., Wind River Meridian in Wyoming containing 120 acres, by Heirship No. 2910–15.

4.   Allotment No. 2123, to Neal Passedoah.   Trust Patent No. 528745 issued May 11, 1916, for the $\frac{2}{5}$ths interest in Lots 2 and 3 and the SW$\frac{1}{4}$ NE$\frac{1}{4}$ and the NW$\frac{1}{4}$ SE$\frac{1}{4}$, Sec. 24, T. 2 S., R. 1 E., Wind River Meridian in Wyoming containing 166.96 acres by Heirship 60040–20.

5.   Allotment No. 2124 to Jossie Passedoah, Trust Patent No. 528746 issued May 11, 1916.  A $\frac{3}{50}$th interest in Lot 4 and the SW$\frac{1}{4}$ SE$\frac{1}{4}$, Sec. 13, T. 2 S., R. 1 E., Wind River Meridian in Wyoming containing 164.76 acres by Heirship No. 60040–20.

6.   Allotment No. 950 to Lilly Passedoah, Trust Patent issued October 19, 1907.  A $\frac{9}{10}$ths interest in the W$\frac{1}{2}$ SE$\frac{1}{4}$, Sec. 17, and the NW$\frac{1}{4}$ NE$\frac{1}{4}$, Sec. 20, T. 3 N., R. 4 W., Wind River Meridian in Wyoming containing 120 acres on which a patent in fee No. 658744 was issued on January 11, 1919, by Heirship 78803–20.

7.   William O'Neal died testate on or about July 29, 1924, in Fremont County, Wyoming, seized of interests in the lands described in the preceding finding.

8.   The will of William O'Neal designating Mary Bradford O'Neal Candler as the principal devisee was filed for probate October 13, 1924, in the District Court of Fremont County, Wyoming.  A petition contesting the will was filed in that proceeding and Mary Candler employed the plaintiff on a contingent fee basis to represent her in the will contest.  She agreed to pay him one-half of the property she might obtain as his fee for representing her in those proceedings.

9.   The plaintiff caused a copy of the will to be filed with the Secretary of the Interior and the will was approved by the Secretary of the Interior.  Thereafter Mary Candler was recognized as the principal devisee by both the state court and by the Secretary of the Interior.

10.   As payment for his services Mary Bradford O'Neal Candler executed and delivered to the plaintiff a quitclaim deed dated November 28, 1925, purporting to convey to him an undivided one-half interest in all of the lands and property which she had inherited under the will of William O'Neal.

11.   Another deed dated December 7, 1929, executed by Mary Candler and purporting to ratify the deed dated November 28, 1925, was executed and delivered by Mary Candler to the plaintiff.

12. The plaintiff submitted those deeds to the Bureau of Indian Affairs of the Department of the Interior and was informed by that Department by letter dated March 7, 1930, that Mary Bradford Candler was a white woman and could convey her interests in the inherited land. The plaintiff was further informed that the deeds which he submitted were indefinite and therefore procured another deed, being a warranty deed dated December 27, 1929, executed by Mary Candler purporting to convey an undivided one-half interest in the lands she inherited from William O'Neal. Mary Bradford also executed an assignment and declaration of trust dated January 27, 1930, in which she requested the Department of the Interior to pay the plaintiff and acknowledged herself as a trustee for the plaintiff for the lands and property she had attempted to convey.

13. The plaintiff submitted all of the deeds and the instrument described as an assignment and declaration of trust to the Bureau of Indian Affairs and requested payment and the issuance of a fee patent to the lands described.

14. By letter dated March 25, 1930, the Assistant Commissioner of the Bureau of Indian Affairs notified the plaintiff that it had been in error in stating that Mary Candler was a white woman, that she in fact was an Indian of one-fourth Indian blood and an enrolled member of the Shoshone Tribe. The plaintiff was further informed that Mary Candler's interest in her husband's estate therefore was restricted and that she could not make any valid contract, deed or order concerning the disposition of the property without the approval of the Department of the Interior.

15. By that letter dated March 25, 1930, from the Assistant Commissioner of the Bureau of Indian Affairs, the plaintiff was further informed that any deed or deeds executed by Mrs. O'Neal (Candler) purporting to convey interests in these restricted lands were void and should be sent to the Superintendent of the Shoshone Agency or to the Bureau.

The plaintiff was requested to remove the cloud from the title to the lands which may have arisen by virtue of his having recorded any deed in the county by executing and filing for record a quitclaim deed to the United States in trust for Mrs. O'Neal (Candler) covering all of the interests attempted to be conveyed to him.

16. In compliance with the request contained in the letter of March 25, 1930, from the Assistant Commissioner of Indian Affairs, the plaintiff executed and delivered to the Bureau a quitclaim deed dated April 5, 1930, conveying all his right, title and interest to the lands and property purportedly conveyed to him by Mary Candler.

17. In 1933 the plaintiff requested the Department of the Interior to issue to him a fee patent to the interests in the lands and property which he claims he received from Mary Candler. That request was denied by the Department of the Interior.

18. On April 19, 1951, the plaintiff again petitioned the Department of the Interior for relief. On September 18, 1951, that petition was denied.

19. In the present case the plaintiff seeks a judgment declaring (1) that Mary Candler had the right to contract with respect to her property without the approval of the Secretary of the Interior; (2) that since the date of the issuance of the fee patent to her for her own allotment she has been unrestricted; (3) that the interests in the lands inherited by William O'Neal and subsequently inherited by Mary Candler were free of restrictions against alienation; (4) that the contract between the plaintiff and Mary Candler is valid and transferred her title to the property described; (5) that the quitclaim deed dated April 5, 1930, by which the plaintiff conveyed the property to the United States in trust for Mary Bradford, be cancelled; (6) that Mary Bradford Candler and the Secretary of the Interior be decreed to be trustees for the plaintiff with respect to the property in controversy; and (7) that a writ of mandamus

be issued to require the Secretary of the Interior to deliver to the plaintiff a fee patent to the property in controversy and to account for any income which has accrued from such property.

### Conclusions of Law

1. Although the United States has not been named a party defendant this suit is a suit against the United States to which it has not given its consent, and the Court lacks jurisdiction.

2. The five tracts of land allotted respectively to Angeline La Jeunesse, being Allotment No. 125, Mr. Nibitsie, being Allotment No. 947, Thyra Passedoah, being Allotment No. 948, Neal Passedoah, being Allotment No. 2123, and Jossie Passedoah, being Allotment No 2124, remained restricted for a period of twenty-five years from the date of the issuance of the trust patents.

3. By Executive Order No. 5768 dated December 30, 1931, issued by President Hoover, by Executive Order No. 8580 issued October 29, 1940, and Executive Order No. 8965 issued December 10, 1941, by President Franklin D. Roosevelt, the restrictions on the five tracts of land described in the foregoing conclusion of law were extended until the year 1967.

4. The matter of removing restrictions from the property of Indians who received trust allotments under the General Allotment Act and the matter of issuing fee patents for such lands are matters for the discretion of the Secretary of the Interior and mandamus will not lie to compel him to perform such a discretionary action.

5. The issuance of a fee patent to William O'Neal for his own Allotment No. 843 and the issuance of a fee patent to Mary Candler for her own Allotment No. 765 did not have the effect of releasing the restrictions against the alienation of the five tracts described in Conclusion of Law No. 2 which were imposed by the General Allotment Act, Act of February 8, 1887, 24 Stat. 388, 25 U.S.C.A. § 348.

6. The restrictions against the alienation of lands which were allotted to Lillie Passedoah, Allotment No. 950, were removed by the issuance of a fee patent on January 11, 1919, No. 658744, which conveyed the legal title to those lands in fee simple to the then owner.

7. Title 25 U.S.C.A. § 373, providing that adult Indians may make wills disposing of their restricted property and providing for the approval of such wills by the Secretary of the Interior does not confer power upon such Indians to dispose of their restricted property without the approval of the Secretary of the Interior.

8. The determination of heirship of an Indian who died leaving restricted property does not, by virtue of 25 U.S.C. § 372, operate to remove the restrictions from the property of such Indians. Nor does the Citizenship Act of June 2, 1924, 43 Stat. 253, affect such restrictions.

9. Although the restrictions were removed from the allotment of Lillie Passedoah, No. 950, as noted in the foregoing conclusion of law and although it was error for the Secretary of the Interior to require the plaintiff to convey that tract by the deed dated April 5, 1930, to the United States in trust for Mary Candler, Mary Candler as the owner of the equitable or beneficial interest in that tract is a necessary party to this suit to cancel the deed of April 5, 1930. Jurisdiction over her for that purpose could be obtained only by personal service.

10. The court concludes that the delivery to Mary Candler in Lander, Fremont County, Wyoming, where she lived, of a copy of the complaint was not personal service upon her within the meaning of the statutes and the Federal Rules of Civil Procedure relating to service of process.

11. Without jurisdiction over Mary Candler the suit as to the land described

as the Allotment to Lillie Passedoah No. 950 should be dismissed.

12. The plaintiff's claim is barred by the statute of limitations, D.C. Code 1940, Title 12, § 201, and by laches.