271 F.2d 583
 John J. SPRIGGS, Sr., Appellant,
v.
Fred A. SEATON, Secretary of the Interior of the United
States of America, and Mary Bradford, known also
as Mary O'Neal Chandler, Appellees.
 No, 6101.
 
 United States Court of Appeals Tenth Circuit.
 Oct. 23, 1959.
 John J. Spriggs, Sr., Lander, Wyo., pro se (John J. Spriggs, Jr., Lander, Wyo., with him on the brief), for appellant.
 Robert S. Griswold, Jr., Washington, D.C. (Perry W. Morton, Asst. Atty. Gen., John F. Raper, Jr., U.S. Atty., Cheyenne, Wyo., Roger P. Marquis, Washington, D.C., with him on the brief), for appellee, Fred A. Seaton, Secretary of the Interior.
 W. A. Smith, Lander, Wyo. (Smith & Nicholas, Lander, Wyo., were with him on the brief), for appellee, Mary Bradford, also known as Mary Bradford O'Neal Chandler.
 Before MURRAH, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.
 HUXMAN, Circuit Judge.
 
 
 1
 This is an appeal from an order of the United States District Court for the District of Wyoming sustaining a motion by defendants, Fred A. Seaton, Secretary of the Interior of the United States of America, and Mary Bradford, also known as Mary Bradford O'Neal Chandler,[1] to dismiss appellant's complaint against them.
 
 
 2
 A somewhat detailed statement of the facts is essential to an understanding of the case. Appellant is a practicing lawyer in Lander, Wyoming, In 1924, Mary Bradford, the widow of a Shoshone Indian, William F. O'Neal, employed Spriggs to represent her in a contested proceeding involving the will of her husband under which she received one-half of his estate. The will was sustained and she deeded to Spriggs one-half of the real estate in the estate as his contingent fee.
 
 
 3
 Thereafter, the Department of Interior convinced Spriggs that she was a restricted Indian under another name and that her contract with him was, therefore, void. It prevailed on Spriggs to convey his interest to the property he had received from her to the United States, in trust for Mary Bradford, as a restricted Indian.
 
 
 4
 In 1951, Spriggs concluded that the representations the Government had made were false and fraudulent as to the status of Mary Bradford. He instituted a suit against Douglas McKay, as Secretary of the Interior, and Mary Bradford, in the United States District Court in the District of Columbia, Seeking to set aside the deed to the United States and for an accounting. The court there held that as to McKay the suit was a suit against the United States, and that it had not consented to be sued. As to Mary Bradford, the court held that the statutes of limitation barred the action. The action was accordingly dismissed.[2]
 
 
 5
 Following the termination of the action in the United States District Court in the District of Columbia, Spriggs succeeded in having Congress pass a Special Act. The Act was approved August 26, 1958.[3]
 
 
 6
 This action was instituted pursuant to that Statute. The complaint alleged that the Government fraudulently misrepresented Mary Bradford's status, that he relied upon such misrepresentation, was deceived thereby to his detriment, and asked an appropriate judgment against it.
 
 
 7
 Mary Bradford's motion to dismiss was sustained on the ground that any cause of action against her was barred by the applicable statutes of limitation and by laches. The court assigned no aspecific reason for sustaining Seation's motion to dismiss but apparently it was on the grounds stated in the motion that the Secretary may be sued only at the place of his official residence at Washington, D.C.
 
 
 8
 On behalf of appellant, it is argued that the suit against Seaton, in his capacity as Secretary of the Interior, was a suit against the United States, and that, therefore, joining him as a defendant was within the spirit of the Special Act granting him authority to sue the United States in Wyoming. In the District of Columbia case, it was expressly held that the suit against McKay, in his official capacity, was a suit against the United States. We deem it unnecessary, however, to decide whether Seaton was properly dismissed as defendant. The Act specifically authorized the appellant to sue the United States. The United States was joined with Seaton as a defendant. When he went out of the case, the United States still remained, and appellant has pending his suit against the United States.
 
 
 9
 Neither is it necessary, in our opinion, to decide whether the court was correct in sustaining Mary Bradford's motion to dismiss because, in our view, she was not a necessary party to this action. This is not the ordinary proceeding against a guardian arising out of a transaction with him in his admitted capacity as a fiduciary, nor against him in such capacity because of transactions had with his ward. In such actions, the authorities are not in agreement as to whether the ward is a necessary party.[4] Whether the guardian or ward is a necessary party depends upon the purposes of the action and the interest involved.[5]
 
 
 10
 Spriggs obtained a deed to the property involved from Mary Bradford which vests title in him to the interest conveyed if she was a competent person, The gist of his action against the Government is that the United States, through its agents, falsely and fraudulently represented that she was a restricted Indian and thus incompetent to execute the deed she gave him, and that he relied upon such misrepresentations to his detriment. This presents an issue between Spriggs and the United States. Naturally, Mary Bradford has an interest in the litigation. If she is found to be competent because she is not a restricted Indian, then Spriggs could rely upon her deed, and his deed to the Secretary of the Interior, as guardian for her, in void, if the fraudulent representations can be established.
 
 
 11
 Whether she is a restricted Indian or not is easy to establish and can be established without her being a party to the action. Since her status as an Indian is inherent in the litigation, it may be that she is a proper party, but she removed herself from the case by her motion to dismiss. We conclude that under the circumstances of this case, she is not a necessary party to the issues between Spriggs and the United States, and a complete adjudication can be had in her absence as a party to the litigation.
 
 
 12
 While not directly involved in the appeal, the Government's motion to dismiss the complaint, because it violates Rule 8(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., lurks in the background. Rule 8(e) provides that each averment of a pleading shall be simple, concise and direct. The pleading in this case is long and detailed. It may be conceded that in some regards it is unnecessarily detailed. It recites in detail all the background of the entire transaction, It is, however, clear, and not in any sense confusing. This is a proceeding under a Special Act of Congress. It was passed for the purpose of enabling appellant to litigate with the Government the claims he asserts against it arising out of numerous transactions extending over a considerable period of time. It is remedial in its nature in that it gives appellant a cause of action against the United States and gives him the right to prosecute it in Wyoming irrespective of any other venue statutes or statutes of limitation, other than the one set out in the Special Act. We think this should be kept in mind in the future disposition of the motion to dismiss because of failure to comply with Rule 8(e). As pointed out, we think the petition is clear and states the elements of the cause of action asserted. If it contains matter not essential to the trial of the case, that could be well taken care of by a motion to strike.
 
 
 13
 Because of what has been said, we do not deem it necessary to determine whether the court erred in dismissing Mary Bradford and the Secretary of the Interior, Fred Seaton, from the case. Appellant has pending against the United States a cause of action which the Special Act gave him, together with the right to proceed in the Federal Court of Wyoming.
 
 
 14
 Affirmed.
 
 
 
 [1]
 Referred to herein as Mary Bradford
 
 
 [2]
 Spriggs v. McKay, 119 F.Supp. 232
 
 
 [3]
 The Act provides: 'That, notwithstanding any statute of limitations or lapse of time, jurisdiction is hereby conferred upon the United States District Court for the District of Wyoming to hear, determine, and adjudicate any claim of John J. Spriggs, of Lander, Wyoming, against the United States relating to certain lands in the Wind River Indian Reservation, Wyoming, conveyed to him by quitclaim deed by Mary Bradford O'Neal Chandler on November 18, 1925. Suit upon any such claim may be instituted at any time within one year after the date of the enactment of this Act: Provided, That nothing in this Act shall be construed as an inference of liability on the part of the United States.'
 
 
 [4]
 25 Am.Jur., Guardian and Ward, Secs. 152 through 155
 
 
 [5]
 Vol. 39 C.J.S. Guardian and Ward 175, p. 318