## P. R. Fell *v.* J. C. Darden & Co—H. H. Hicks & Co., Intervenors.

*A sale which is valid by the laws of the country where it is made, is valid everywhere. The lex loci contractus must govern.*

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Davidson* for plaintiff. *Durant & Hornor* for Intervenors.

Hyman, C. J. H. Darden, transacting business in the State of Tennessee, under the name of H. Darden & Co., sold his stock of goods by act of sale, passed in that State, to H. H. Hicks & Co. Vendor and vendees resided there.

FELL
*v.*
DARDEN.

At the time, a part of the goods thus sold was *in transitu*, shipped from Liverpool to New Orleans.

Immediately after the goods arrived in New Orleans, and before the agent of the vendees could get possession, plaintiff, a resident of this State, as a creditor of Darden, had them attached.

The vendees then intervened, and claimed them as owners, by virtue of the sale aforesaid.

The court gave judgment in vendee's favor, and dismissed the suit as to defendant.

Plaintiff appealed.

By the laws of Tennessee, as proven, a sale without delivery of property sold, is valid against vendor's creditors; and the question is, whether the property sold while *in transitu* can be attached by Darden's creditors, when brought here ?

Had the goods been in this State, at the time of the sale, an attachment of them would have been sustained : there being no delivery, and, until delivery, creditors have a right to seize and attach property sold by their debtor. See Art. 1917 Civil Code. The court would then have protected the citizen in his claims, as no nation is bound by comity to recognize or enforce, to the injury of its citizens or in violation of its positive legislation, contracts on property situated within its jurisdiction; but the goods not being within this State at the time of sale, our laws had no control over them, and their subsequent removal here cannot change acquired rights.

The contract was complete by the laws of Tennessee, and the general principle is that a sale which is valid by the laws of the country where it is made, is valid everywhere.

The *lex loci contractus* must govern this case, as it presents no exception to this general principle. See Civil Code, 10; Code Prac. 13; 7 Mar. R. pp. 213 and 355; 8 Rob. R. p. 262.

No citation was served on defendant, an absentee. No property is shown, belonging to him in this State, on which a judgment can operate. No suit is pending where the absentee might, from necessity, be made a party in furtherance of justice. The appointment of an attorney *ad hoc* for defendant, and service on the attorney thus appointed, is insufficient to bring the defendant into court. See 2 An. R. pp. 562 and 1010.

Judgment affirmed.

HOWELL, J., recused.