### KASTEL v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 10560.

Circuit Court of Appeals, Fifth Circuit.
June 17, 1943.

The Commissioner of Internal Revenue determined that there were only two members of the partnership, to-wit, taxpayer and Costello, from which it was determined that the taxpayer had understated his income in large amounts for each of the years in question. Fraud penalties were imposed by the Commissioner.

Taxpayer and his wife filed their individual returns for both years upon the community basis, claiming Louisiana as their domicile.

On an appeal, the Board of Tax Appeals sustained the Commissioner except as to the imposition of the fraud penalties. This appeal is to review the decision of the Board of Tax Appeals.

During the hearing before the Board counsel for the Commissioner conceded the following:

"(1) That the Bayou Novelty Company reported all income earned by the partnership for both years.

"(2) That the individuals composing the partnerships as set forth in the returns filed by the Bayou Novelty Company reported for both years all income earnea and reported by the Bayou Novelty Com pany partnership.

"(3) That the Commissioner's determination of petitioner's understatement of Bayou Novelty Company partnership income for both years was based upon the Commissioner's determination that Philip Kastel and Frank Costello were the only partners in the Bayou Novelty Company, and that they were equal partners."

Albert B. Koorie, of New Orleans, La., for petitioner.

Robert N. Anderson, and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The Bayou Novelty Company, a partnership, engaged in the slot machine business in New Orleans, Louisiana, filed partnership returns of income for the years 1936 and 1937 listing the taxpayer and three others as members of the co-partnership and entitled to receive its earnings.

Whether or not there was an understatement of income depends: (a) upon whether or not the taxpayer and Frank Costello were the only members of the partnership of the Bayou Novelty Company, and (b) whether or not the taxpayer and his wife were legal residents of Louisiana in the years in question and entitled to make their returns upon the communit basis.

If Kastel and Costello were the only members of the partnership, the returns were false and fraudulent and the amount of the income was understated. If Kastel is not entitled to avail himself of the community property laws of the State of Louisiana, his income was likewise understated.

The taxpayer introduced in evidence the income tax returns of the partnership for the years in question, which purported to

show that there were four partners. This was all the evidence on the question of membership in the partnership. The Commissioner offered no testimony on the subject. Taxpayer took the position that the Commissioner had alleged that the income tax returns of his partnership were false in that there were only two copartners instead of four as shown by the return, and that these allegations, together with the imposition of the fraud penalties, amounted to an allegation of fraud, the burden of proving which was upon the Commissioner. The Commissioner contended, and the Board found, that the burden was on the taxpayer to demonstrate that the amount of his return was correct.

We agree with the taxpayer that the charge that his partnership had made a false return asserting that the income of the partnership was divided among four persons when in fact it was divided between two, the taxpayer and another, and the imposition of fraud penalties because of the false returns, amounted to a charge of fraud and the burden of proving same is on the one making the charge.[1]

After having admitted that the partnership had returned all its income; that the partners named in the return had collectively reported all of the income; and that the deficiency was based upon his finding that the return was false and fraudulent in that the partnership had two instead of four partners, the Commissioner cannot compel the taxpayer to go forward with evidence to exonerate himself of a charge of fraud or dishonesty in the absence of any evidence tending to prove fraud or dishonesty. An indictment by the Commissioner is not evidence.

The Commissioner had imposed fraud penalties, which the Board of Tax Appeals did not sustain, but the case clearly presented to the Board an issue of fraud. The elimination of fraud penalties, either in or before the final order, would not have eliminated the fact that the taxpayer was charged with making false returns.

Taxpayer produced uncontradicted evidence to show that he and his wife registered at a hotel in New Orleans on October 21, 1935, and remained there until March 31, 1936. From March 31, 1936, until December 31, 1936, he and his wife were registered at another hotel in New Orleans. In these registrations New York was given as their place of abode. On November 8, 1936, taxpayer took residence in an apartment hotel. A written lease of this apartment, dated April 22, 1937, covering the period from May 7, 1937, to May 31, 1938, was executed, in which it was recited that petitioner was a resident of New Orleans, Louisiana, at which place taxpayer and wife resided until January, 1939. During these periods charge accounts were opened with several merchants in New Orleans showing the frequent purchase of numerous articles. The records of the hotels show many items charged to the taxpayer throughout the various periods.

On March 6, 1937, taxpayer wrote the Collector of Internal Revenue, at New Orleans, in part as follows: "Heretofore, I filed my income tax return with the Collector of Internal Revenue in New York, but since I am presently, and was for the year 1936, engaged in business in New Orleans, and also since I have established New Orleans as my domicile, I am addressing my application for an extension to you."

The hotel records reveal that on two occasions service accounts for someone other than the petitioner were charged to the room. In his return for the year 1937 Kastel claimed deduction of some $2,400 as income taxes paid to the State of New York. Income tax returns for both years were filed with the Louisiana Collector of Internal Revenue.

No testimony was offered by the Commissioner in support of his contention that the taxpayer was not legally domiciled in the State of Louisiana, but the Board found, on petitioner's evidence, that he had failed to prove that he was.

We think that the evidence introduced in support of the taxpayer's contention showing: (1) the residence of the taxpayer and his wife in New Orleans from October, 1935, to January, 1939; (2) the location of the main business of the taxpayer in New Orleans; (3) the letter written to the Collector of Internal Revenue on March 6, 1937; (4) the filing of income tax returns in Louisi-

---

[1] Griffiths v. Commissioner of Internal Revenue, 7 Cir., 50 F.2d 782; Jackson v. Harris, 10 Cir., 43 F.2d 513; Lalone v. United States, 164 U.S. 255, 17 S.Ct. 74, 41 L.Ed. 425; Rogers v. Commissioner of Internal Revenue, 6 Cir., 111 F.2d 987; Jemison v. Commissioner of Internal Revenue, 5 Cir., 45 F.2d 4.

ana; and (5) the opening and use of charge accounts; make out a prima facie case of domicile in New Orleans, at least for the year 1937.[2]

██ We do not hold that prima facie proof of domicile in New Orleans for the year 1936 was presented by the petitioner. The burden was on him to do so before he can avail himself of the advantages of reporting income on the community basis under the law of Louisiana. Since, however, the case is to be reversed and remanded for the error of the Board in holding that petitioner had the burden of proof on the issue of fraud and for the holding of the Board that prima facie proof of domicile in Louisiana for the year 1937 had not been made out, and since it appears that the facts were not adequately developed on the whole case, it seems appropriate that the entire controversy should be reversed and remanded to the Tax Court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

HOLMES, Circuit Judge (dissenting). The burden of proof of fraud was on the Commissioner, and as no such proof was offered by him at the hearing, the issue as to fraud was decided in favor of the petitioner. No penalties were imposed by the Board, and the issue of fraudulent understatement of income is not before us. The present inquiry is one of amount, not of intent.

The issue as to whether the taxpayer understated his income is distinct from the issue as to whether he committed a fraud in failing to include the full amount thereof in his returns. The former requires no consideration of his motive, intent, or conduct in making his return. If such income was understated, the deficiency in the tax was due whether or not such understatement was induced by a fraudulent intent to evade the tax.

The determination of the Commissioner that the taxpayer had understated his income is presumed to be correct, and the petitioner has the burden of proving it to be wrong. This burden has not been met. The issue of fraud went out of the case finally when the respondent failed to appeal from the decision of the Board, and it cannot be brought back on appeal for the purpose of relieving the taxpayer of the burden of proving that the deficiencies in his income tax returns were incorrectly determined by the Commissioner.

This court has ruled that the burden of proof placed upon the Commissioner as to fraud is only as to the fraud issue. In Snell Isle, Inc., v. Commissioner, 5 Cir., 90 F.2d 481, at page 482, this court said: "Clearly it was the intention of Congress to relieve the taxpayer of this burden [of proving freedom from fraud] in cases where there was no actual fraud but the act goes no further. The burden still remains on the taxpayer to overcome the presumption arising from the Commissioner's ruling as to the amount of taxes

[2] "A person is presumed to be an inhabitant of the locality where he lives and his contrary contention places burden on him to show otherwise." Dupont, etc., v. Byrnes, 2 Cir., 101 F.2d 14.

"A [person] found residing in a foreign country is presumed to be there animo manendi, and if a state of war should bring his national character into question, he has burden of explaining the circumstances of his residence." The Venus, 12 U.S. 253, 8 Cranch 253, 3 L.Ed. 553.

"Mere residence in a particular place is prima facie evidence of a domicile at such place, but the presumption may be overcome by showing that such residence is for a temporary purpose." Butler v. Farnsworth, Fed.Cas.No.2,240, 4 Wash. C.C. 101.

"The presumption arising from actual residence in any place is that the party is there with the intention of remaining."

The Amado, Fed.Cas.No.12,005, Newb. Adm. 400.

"Where a person lives is taken prima facie to be his domicile until other facts establish the contrary." Bradstreet v. Bradstreet, 7 Mackey 229, 18 D.C. 229.

"Where an individual has resided in a State (La.) for a considerable time, being engaged in the prosecution of a business, he may well be presumed to be a citizen of such State, unless the contrary appear." Shelton v. Tiffin, 47 U.S. 163, 185, 6 How. 163, 12 L.Ed. 387.

"The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." District of Columbia v. Murphy, 314 U.S. 441, 62 S.Ct. 303, 309, 86 L.Ed. 329.

"The place where a [man] lives is taken to be his domicile until facts adduced establish the contrary." Anderson v. Watt, 138 U.S. 694, 11 S.Ct. 449, 452, 34 L.Ed. 1078.

actually due. Neither the letter nor intention of the act will support the conclusion that the entire burden is cast upon the Commissioner when he determines fraud and assesses a penalty."

The majority opinion admits that the income tax returns of the partnership, which purported to show that there were four partners, were the only evidence as to the number of partners, and argues that this was sufficient proof on the question of membership in the partnership. This is equivalent to holding that the presumption of correctness as to the determination of the Commissioner is rebutted by introduction in evidence of the very tax returns upon the basis of which the deficiency was assessed. The burden was on the taxpayer to demonstrate that his returns were correct, and he could not meet this burden merely by introducing the partnership returns in evidence.

It was conceded at the hearing that the partnership returns reflected the full amount of the partnership income, but not that the petitioner's individual returns reflected his full share thereof. In fact, the gist of the issue was what portion of the income of the partnership should be paid by the petitioner. Were there two partners or four? If only two, was this taxpayer's portion community income under the laws of Louisiana? Implicit in the determination of the Commissioner is the finding that there were only two partners, that Kastel was one of them, and that he was not domiciled in Louisiana. To put it another way, the Commissioner determined that there was a deficiency in Kastel's individual returns of a certain amount for 1936 and of another amount for 1937. This determination is presumed to be correct.

In order to meet the burden on him, the petitioner attempted to show that he only had a 30% interest in the net income of the partnership, and that it was community property. To do this, he introduced the partnership returns, which admittedly reflected the net income of the partnership; and Kastel's individual returns, which were presumed to be incorrect. There is no axiomatic truth in these tax returns, certainly none sufficient to rebut the presumption that the number of partners was incorrectly stated. The refusal of the Board to give any weight to the returns of other so-called partners was warranted because all of these returns were made up by one public accountant and the partnership paid all of the taxes for all of the individuals on all of their returns for 1936; it does not appear who paid the taxes for 1937—if they were paid at all.

The only remaining issue before us is whether or not the respondent was domiciled in Louisiana during the tax years. The Board decided this against the taxpayer, which was in accordance with the determination of the Commissioner. The question thus presented to us is one of fact. The majority opinion expressly disclaims holding that the taxpayer has met the burden on him for the year 1936; but nevertheless the findings of the Board are set aside as to the taxes for 1936 as well as for 1937. I shall not belabor the point, because it seems clear to me that the decision of the Board should be affirmed as to both years, since the taxpayer was not shown to be domiciled in Louisiana during either year.

Let us examine the five facts that the majority opinion says showed domicile in Louisiana. The evidence is overwhelming that petitioner had a prior domicile in New York or Connecticut, and filed his income tax return in New York, before coming to New Orleans in October, 1935. Upon his arrival in New Orleans he gave his address as New York, and afterwards registered repeatedly at hotels as being from New York City. The mere leasing of hotel rooms and apartments, without proof of actual occupancy, is insufficient to establish residence, and a fortiori is insufficient to prove abandonment of an old domicile and the acquisition of a new one.

The taxpayer was said to be presently in the City, and wrote of himself as late as March 6, 1937, as presently engaged in business in New Orleans. The letter is quoted in full in the majority opinion. The use of the word *presently* in both the letter and the report strengthens the natural inference that the credit manager got his information from the taxpayer. The word presently in both instances means *at this time,* and clearly indicates temporary rather than permanent residence. Since the only reference in the letter to the year 1937 is qualified by the word presently, the Board gave the letter no weight or value whatever favorable to the taxpayer. The balance of the letter contains only self-serving declarations as to past events. How, then, can this court

say that the Board acted arbitrarily in rejecting such declarations?

The second listed fact in the opinion was "the location of the main business of the taxpayer in New Orleans". It does not appear to what extent he gave this business his personal attention. Many people have their domiciles in one state and their businesses in other states. Although it appears that the Bayou Novelty Company did not operate outside of Louisiana, it does not appear that the petitioner did not have other business interests in New York and other places.

The third and fourth listed facts are the letter of March 6, 1937, written to the Collector of Internal Revenue, and the filing of income tax returns in Louisiana. It has previously been pointed out that, except as to the self-serving declarations in this letter, its use of the word presently is an admission against interest, and further that evidence of the mere filing of a partnership return is insufficient to rebut the presumption arising from the determination of the Commissioner as to a deficiency in the return of one of the partners. At least the Board may decline to give weight to such evidence.

The last of the five circumstances mentioned in the opinion was the opening and use of charge accounts with merchants in New Orleans. Any transient temporarily residing in a large city may find it convenient to establish his credit with retail stores, but this does not necessarily indicate a purpose to make the place his home. One may have local charge accounts, wherever presently residing, without the slightest intention of abandoning one's domicile. There is no evidence of petitioner's intention to abandon his earlier domicile and acquire a new one in Louisiana, except the shreds above mentioned, which it was well within the function of the Board to reject.

It is not for us to say that the five circumstances relied upon to prove domicile in Louisiana were trifles light as air, but this was well within the province of the Board, and in effect this is what it has said. Implicit in the decision of the Board are the findings that there were only two partners, that the taxpayer was one of them, and that his income was understated in the amounts determined by the Commissioner. Further implicit therein was the finding that no evidence in the record was of sufficient weight or value to rebut the presumption of correctness arising from the Commissioner's determination. These were the findings of an administrative board of such excellence that it was soon to be known as The Tax Court.

Neither this nor any court should usurp the functions of a fact-finding tribunal whose decisions are under review. There is of course no intention to do so in this instance, but the fact remains that the determination of the Commissioner, the findings of the Board, and even a prior decision of this court, are of no avail to prevent a reversal of this entire case. As to the 1936 deficiency, the decision of the Board is not even held to be erroneous. It is reversed as to this item, "since it appears that the facts were not adequately developed on the whole case". Let us scrutinize this ruling to ascertain whether or not it is erroneous and gratuitous:

The hearing and consideration of this case extended over a period of more than six months. The petitioner was represented by able counsel from beginning to end. Evidence both oral and documentary was offered, introduced, and filed. The hearing was not cut short at any point, but continued until the petitioner's counsel voluntarily rested. Then time was allowed to file briefs. The Board's decision was entered nearly a year ago. There has been no indication that either side has further testimony to offer on the 1936 deficiency. There has been no showing as to what further testimony is available. Neither the taxpayer nor his wife testified as to his intention to make his home in Louisiana, nor did they take the witness stand for any other purpose. This was their right and privilege; they doubtless had good reasons for so doing; and there is no basis for saying that the case was not fully developed before the Board. The parties themselves were the best judges of this. In these circumstances the law is clear: If after a full trial the affirmative of the issue is not carried by the party having the burden, judgment should be rendered against him.

Accordingly, with deference, I dissent.