FRUGÉ, Judge.
This is a suit for separation from bed and board, for alimony for the support and maintenance of plaintiff and her minor children, and for permanent custody and control of them, and for attorney fees and all costs of the proceedings. Upon plaintiff’s allegation that her husband, defendant herein, was temporarily out of the State of Louisiana and residing in Huntsville, Alabama, the trial court appointed an at *446 torney ad hoc and service of process was made on him in that capacity. Subsequently, the defendant was notified of the pending suit and through counsel filed a declina-tory exception alleging that the court lacked jurisdiction over the person of the defendant for the reason that he was a resident of and domiciled in the State of Alabama and therefore not amenable to suit in the courts of the State of Louisiana wherein a money judgment is sought. In due course this exception was tried; the trial court holding that it had jurisdiction over the defendant not only for the granting of the separation from bed and board but also for all demands incidental thereto. Subsequently, the trial court rendered a decision ordering the defendant to pay alimony pendente lite to the plaintiff for her support and maintenance in the amount of $100.00 per month, and for the support and maintenance of the minor children in the amount of $133.00 per month. In addition the defendant was ordered to pay $80.00 per month alimony since the date of filing of this suit, with a credit to be given for all payments made by the defendant since that time. The defendant was further cast for all costs. Defendant has appealed from this judgment.
The record discloses that the plaintiff and defendant were married in April, 1958 in Lafayette Parish, Louisiana. Thereafter the matrimonial domicile was established in Lafayette Parish, Louisiana, but approximately one year thereafter plaintiff and defendant moved to Wichita, Kansas and subsequently to Huntsville, Alabama. In May of 1961 plaintiff returned to Lafayette Parish, Louisiana, and on August 16, 1961 filed suit for separation from bed and board in that parish.
Pertinent to the jurisdiction of a district court of a proceeding for separation from bed and board, LSA-C.C.P. Art. 10 titled ■“Jurisdiction over status” provides in part:
“A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
* * * * * *
“(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this State and, except as otherzvise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.” (Emphasis added.)
Also pertinent to the issue before this Court, LSA-C.C. Art. 142 as amended by Act No. 30, Sect. 1 of 1960 provides:
“A wife may obtain a separation from bed and board from her husband though the spouses had never established a matrimonial domicile in this state, and the grounds therefor occurred elsewhere, if:
“(1) Either the husband or wife was domiciled in this state immediately prior to the marriage, and the spouses thereafter established a matrimonial domicile elsewhere;
“(2) The husband abandoned the wife, or behaved toward her in such a manner as would have entitled her to a separation from bed and board or a divorce in this state had the spouses been domiciled here at the time; and
“(3) The wife subsequently established a domicile in this state, and is domiciled here at the time of the institution of her suit.
“In a suit brought by a wife under this article, the court shall appoint an attorney at law to represent the defendant husband, and the wife is entitled to all of the remedies available to a married woman who sues for a separation from bed and board or for a divorce.”
The language of these provisions clearly provides the jurisdictional basis for the trial court to adjudicate a suit for *447 separation from bed and board under the facts of this case. Accordingly we are in full agreement with the trial judge and therefore affirm his holding insofar as the jurisdiction over the status of the parties is concerned.
However, in addition to the exception attacking the jurisdiction of the court to render a judgment of separation of bed and board, learned counsel for the defendant-appellant contends that a judgment ordering the payment of alimony and for court costs is a .money judgment and a court is without jurisdiction to render same against a nonresident defendant not served with process and not appearing in- the cause. In support of this contention, our attention is directed to LSA-C.C.P. Art. 6 and the early Supreme Court decision of Baker v. Jewell, 114 La. 726, 38 So. 532.
LSA-C.C.P. Art. 6 titled “Jurisdiction over the person” provides:
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
“(1) The service of process on the defendant, or on his agent for the service of process;
“(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
“(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.” (Emphasis added.)
There can be no serious doubt that a judgment for alimony and costs is a personal judgment. Baker v. Jewell, 114 La. 726, 38 So. 532; Thompson v. Tanner, 53 App.D.C. 3, 287 F. 980; Meredith v. Meredith, 96 U.S.App.D.C. 355, 226 F.2d 257; Dorney v. Dorney, D.C., 145 F.Supp. 281,. affirmed 4 Cir., 245 F.2d 201. It must therefore follow that before a court may render such a judgment it must have jurisdiction over the person against whom the judgment is to be rendered.
The record discloses that service of process was made on an attorney at law appointed by the court to defend this action. While this procedure is sanctioned by paragraph (2) of Article 6 of the Code of Civil Procedure, LSA, it is clear from the language of this article that its use is limited to defendants who are domiciled in. this state. Thus it necessarily follows that personal jurisdiction over, the defendant in the case at bar is dependent upon whether or not the defendant is domiciled in the State of Louisiana.
The definition of domicile is pronounced in Article 38 of the LSA-Civil Code as follows :
“The domicile of each citizen is in the parish wherein he has his principal' establishment. The principal establishment is that in which he makes his. habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has-not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.”
Furthermore, Article 46 of the LSA-Civil Code provides:
“Domicile once acquired shall not be forfeited by absence on business of the State or the United States, but a voluntary absence of two years from the State, or the acquisition of residence in any other State of this Union, or elsewhere, shall forfeit a domicile within this State.” (Emphasis added.)
The record discloses that although plaintiff and defendant resided in *448 Lafayette Parish, Louisiana immediately after their marriage, the defendant had only one residence at the time this proceeding was instituted and that residence was Huntsville, Alabama. While the presumption of original domicile continues until fixed elsewhere, whenever a person has acquired a residence elsewhere and actually resides there this should be presumed to be his domicile. Succession of Steers, 47 La.Ann. 1551, 18 So. 503; Kastel v. Commissioner of Internal Revenue, 5 Cir., 136 F.2d 530. The defendant in this case has been residing outside the boundaries of this state for a period in excess of two years. At the present time he is gainfully employed and residing in the State of Alabama. We find the conclusion inescapable that defendant’s domicile is the State of Alabama. See Successions of Rhea, 227 La. 214, 78 So.2d 838.
Inasmuch as we have concluded that the defendant in the case at bar is not domiciled in the State of Louisiana, service of process on an attorney appointed by the trial court does not give the trial court jurisdiction over the person. Lacking this jurisdiction the trial court cannot render a money judgment. Comment (c), LSA-C.C.P. Art. 6; Baker v. Jewell, 114 La. 726, 38 So. 532; Fell v. Darden, 17 La. Ann. 236.
Learned counsel for appellee argues that inasmuch as marriage is a civil contract under the laws of this state personal service on the defendant is not necessary, citing International Shoe Company v. State of Washington, Office of Unemployment Compensation and Placement, et al., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. It is enough to say that these decisions dealt with the due process requirements of acquiring jurisdiction over the person, while in the case at bar jurisdiction over the person is to be determined solely by reference to the Code of Civil Procedure. While it is conceivable that the legislature could have constitutionally provided for jurisdiction over the person under circumstances as exist in this case, we are not called upon to determine what the law should or could be. We, therefore, find no merit to this contention.
Accordingly we hold that the decree of alimony pendente lite was an absolute nullity for want of jurisdiction over the person.
For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from insofar as it awarded plaintiff alimony pendente lite against the defendant is hereby, annulled, avoided, and reversed; and in all other respects affirmed; plaintiff-appellee to pay all costs of this appeal.
Affirmed in part and reversed in part.