220 So.2d 547 (1969)
Mrs. Cynthia Sue MARY, wife of Thomas Mattingly PUISSEGUR
v.
Thomas Mattingly PUISSEGUR.
No. 3358.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 1969.
Rehearing Denied April 7, 1969.
*548 John L. Hantel, New Orleans, for Thomas Mattingly Puissegur, defendant-appellee.
Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, for Mrs. Cynthia Sue Mary, wife of Thomas Mattingly Puissegur, plaintiff-appellant.
Before CHASEZ, REDMANN and BARNETTE, JJ.
CHASEZ, Judge.
This is a suit by Mrs. Cynthia Sue Puissegur against her husband Thomas M. Puissegur for a judgment of divorce, permanent care, custody and control over their minor children, alimony and child support. Mrs. Puissegur was granted a divorce on the basis of a two year voluntary separation and was granted the custody of their three children. Her demand for alimony and child support was rejected and a writ of non-resident attachment which she had caused to be issued and under which a garnishment was effected to her husband's employer, was ordered dissolved. Mrs. Puissegur takes a devolutive appeal from that part of the judgment which denied her claim for alimony and child support, and a suspensive appeal from that part of the judgment which dissolved the writ of non-resident attachment. Both of these appeals are before us herein but the judgment of divorce and custody is now final.
The plaintiff's plea for child support and alimony was denied and the writ dissolved by the trial judge on his holding that the court had not acquired personal jurisdiction over the defendant upon which to execute such a judgment.
The factual issues in this case are not in dispute and are briefly as follows. Defendant Thomas M. Puissegur and plaintiff Cynthia Sue Mary were married on January 25, 1955 in Poplarville, Mississippi. Shortly thereafter they moved to New Orleans, Louisiana where their matrimonial domicile has remained. After the birth of three children and after several separations and reconciliations, the parties separated finally on or about June 1, 1964.
In February, 1967 Mr. Puissegur was sent to the United Kingdom by his employer in connection with his employment and has apparently remained there since. There is some evidence that defendant did return to New Orleans for a short period of time since that date and this evidence will be examined more thoroughly herein. Plaintiff is employed by Gurtler, Hebert & Co. Inc., a large construction company with general offices in the City of New Orleans, hereinafter referred to as "Gurtler, Hebert".
Mrs. Puissegur instituted the present suit on March 20, 1968, seeking a divorce based on two years living separate and apart as stated above. In connection with this suit the appointment of an attorney to represent the absent defendant was provoked under the provisions of LSA-C.C.P. art. 5091, and service of process was effected on this attorney. Additionally the plaintiff provoked the issuance of a writ of non-resident attachment and, pursuant to said writ, she caused a garnishment to be issued directed to the employer, Gurtler, Hebert. The garnishment interrogatories were duly and timely answered by Gurtler, Hebert wherein it was stated that the defendant was earning $1,096.80 per month.
Plaintiff contends in this appeal that under the express provisions of LSA-C.C.P. art. 6 personal jurisdiction over the defendant to support a judgment for alimony and child support was achieved by service of process on his court appointed attorney, citing Dupuis v. Patin, 155 So.2d 768 (La.App. 1963) and Broussard v. Domingue, 146 So. 2d 445 (La.App.1962).
LSA-C.C.P. art. 6 provides in pertinent part:
"Art. 6. Jurisdiction over the person.
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party *549 to an action or proceeding. This jurisdiction must be based upon:
* * * * * *
"(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; * *
* * * * * *"
In Broussard v. Domingue, supra, the court was faced with a very similar factual situation and stated therein at page 447:
"[2] There can be no serious doubt that a judgment for alimony and costs is a personal judgment. Baker v. Jewell, 114 La. 726, 38 So. 532; Thompson v. Tanner, 53 App.D.C. 3, 287 F. 980; Meredith v. Meredith, 96 U.S.App.D.C. 355, 226 F.2d 257; Dorney v. Dorney, D.C., 145 F.Supp. 281, affirmed 4 Cir., 245 F. 2d 201. It must therefore follow that before a court may render such a judgment it must have jurisdiction over the person against whom the judgment is to be rendered.
"The record discloses that service of process was made on an attorney at law appointed by the court to defend this action. While this procedure is sanctioned by paragraph (2) of Article 6 of the Code of Civil Procedure, LSA, it is clear from the language of this article that its use is limited to defendants who are domiciled in this state. Thus it necessarily follows that personal jurisdiction over the defendant in the case at bar is dependent upon whether or not the defendant is domiciled in the State of Louisiana."
In that case however the court went on to find that the defendant was not in fact a domiciliary of this state thus the provision of art. 6 quoted above was not applicable. The court therefore found it had no basis for the issuance of a judgment for alimony and child support.
In Dupuis v. Patin, supra, again in a similar factual situation, the court had this to say on the issue before us at page 771 of 155 So.2d:
"If defendant was domiciled in this state, but an absentee therefrom, then personal jurisdiction over the defendant could have been based on service of process on the attorney appointed by the court to represent him. LSA-C.C.P. art. 6."
We agree with the rationale expressed in these two cases, and are of the opinion that the quoted section of LSA-C.C.P. art. 6 expressly controls our situation. If we find that defendant is a domiciliary of this state we must find that personal jurisdiction over him was acquired by the court below, and the trial judge was in error in not granting plaintiff's plea for alimony and child support.
We are not overlooking the Supreme Court decision in Baker v. Jewell, 114 La. 726, 38 So. 532 (1905), cited by the appellee herein. Undeniably this case did stand for the proposition that in an alimony case personal jurisdiction over the defendant could only be acquired through personal service on him, and that a constructive service would not effect that result. However we find that decision has been abrogated by the express codal authority cited above and we feel compelled to follow this later authority, which was not a part of the procedural law of this state until the adoption of the Louisiana Code of Civil Procedure, effective January 1, 1961.
We turn our attention then to the question of domicile which we hold to be the determinative issue in this case. The record reflects that defendant has been employed by Gurtler, Hebert for "a number of years". According to the testimony of Theodore Ripoll, the chief accountant for that company, defendant was sent by the company to England in February, 1967. Defendant agreed to serve a two year period in England, however Ripoll stated that the last he heard defendant was thinking of staying over there for a longer period of time. Ripoll admitted however that even this longer *550 period of time would have a definite conclusion, that it was not an indefinite period. Ripoll stated that defendant's home address as reflected on the company records is 3107 Eads Street, New Orleans, and that this address has not been changed although the company did have an address in Norwich, England for him where his paychecks are sent.
Defendant's court appointed attorney introduced into evidence a letter written by the defendant on May 15, 1968 in response to a letter written to defendant by him. In defendant's letter he stated in part, "Please defend me. I'll be home N.O.La.[1] June 24 and will arrange to see you." There is no other evidence however in the record to show that defendant has returned to New Orleans since he was sent to England by his employer in 1967.
The pertinent articles of the Louisiana Civil Code on domicile provide as follows:
LSA-C.C. art. 38:
"Art. 38. The domicile of each citizen is in the parish wherein he has his principal establishment.
"The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected."
LSA-C.C. art. 41:
"Art. 41. A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there."
LSA-C.C. art. 46:
"Art. 46. Domicile once acquired shall not be forfeited by absence on business of the State or of the United States, but a voluntary absence of two years from the State, or the acquisition of residence in any other State of this Union, or elsewhere, shall forfeit a domicile within this State."
After a review of these articles and the pertinent jurisprudence on the subject our Supreme Court made these statements in Successions of Rhea, 227 La. 214, 78 So.2d 838 (1955):
"[1] A change of domicile is brought about by the actual residing in another place with the intention of making it the principal establishment or home. The main question for us to decide in this case is where was the Rheas' home or in the language of the Code their principal establishment?
"[2, 3] While the presumption of original domicile continues until fixed elsewhere, whenever a person has acquired a residence elsewhere and actually resides there this will be presumed to be his domicile until the contrary is shown. Succession of Steers, 47 La.Ann. 1551, 18 So. 503; Kastel v. Commissioner of Internal Revenue, 5 Cir., 136 F.2d 530. The presumption arising from actual residence in a place is that the party intends to remain there. In other words, where a person lives is taken prima facie to be his domicile until the facts show the contrary."
We are of the opinion that in the case before us the evidence as stated above does establish that although the defendant has acquired a temporary residence in England his actions indicate that he has not done so with the intention of making that residence his home; the place of his principal establishment. His move to England was occasioned solely for the convenience of his employer and was admittedly for a definite rather than an indefinite length of time. At the end of this extended but temporary transfer the implication *551 is strong that he will be returned to New Orleans. The defendant has allowed his New Orleans address to remain as his home of record in the files of his employer. In his only communication with his court appointed attorney reflected in the record he specifically refers to New Orleans as his home. While we do not attach tremendous significance to this one written statement alone, when taken with the other factors we can fairly state that it is indicative of his intention in this matter and therefore conclude that the defendant is a Louisiana domiciliary.
As plaintiff has had a court appointed attorney appointed and personally served, we hold that the District Court did acquire personal jurisdiction over the defendant, under the provisions of LSA-C.C.P. art. 6 and it was in error in failing to award plaintiff a judgment for alimony and child support to the extent that she may prove her need for them.
At this point we reach the second basis upon which the plaintiff alleges the trial court has acquired personal jurisdiction over the defendant, and a basis which she contends likewise supports her writ of non-resident attachment and effected garnishment. The plaintiff admits that this second basis is an alternative argument, in the event that this Court determines that the defendant is domiciled elsewhere. Thus we will treat this argument in detail only insofar as it is directed to the validity of the attachment itself.
It is plaintiff's position that LSA-C.C.P. art. 9 grants personal jurisdiction for the purposes of an alimony judgment against a non-resident not subject personally to the jurisdiction of the court if the action is commenced by an attachment of his property in this state. While this is an interesting argument we do not find that Article 9 supports this conclusion. The fallacy in the argument is quite simple. An alimony judgment itself while considered a money judgment is not one which on its face will support the execution of a writ of attachment. Not until the defendant in such a judgment has failed to pay in accordance with its terms and there has been an adjudication of a definite arrearage will such a writ be executory. Hence the nature of the simple alimony judgment itself takes it out of the scope of this article.
As the plaintiff had no judgment of arrearage on which to force the issuance of the writ in this case we must affirm the judgment of the trial court herein insofar as it dissolves that writ.
Finally we reach the question of the amount to be awarded to the plaintiff for alimony and child support. As the trial judge was of the opinion that he had no jurisdiction over this portion of the case, he refused to pass upon the question. Even though the plaintiff has offered considerable evidence herein as to the amount of her need and the defendant's ability to pay, we note that there is no evidence on the defendant's behalf to show the possible extenuating circumstances in his favor. Thus we feel that the interests of justice would best be served by remanding the case under the authority of LSA-C.C.P. art. 2164, so that the defendant may be afforded an opportunity to come forward with the evidence in his own behalf in order that a proper and just decision may be rendered in this matter.
For the reasons hereinabove stated, the decision of the trial court is reversed insofar as the trial court refused to grant judgment to the plaintiff for alimony and child support, and is affirmed to the extent that it ordered the dissolution of the writ of non-resident attachment previously awarded the plaintiff. The case is now remanded to the trial court to allow for a complete hearing on the question of the amount of alimony and child support to be *552 awarded herein. The defendant-appellee is condemned to pay all costs of this appeal.
Affirmed in part, reversed in part, and remanded.
REDMANN, Judge (concurring).
Plaintiff's petition as filed and transmitted to defendant by the court-appointed attorney alleges defendant is "a resident of the United Kingdom" (without alleging he is nevertheless domiciled here) and asked a nonresident attachment, and thus does not purport to be "an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state", LSA-C.C.P. art. 6, and the appointed attorney would have had no occasion to inform defendant of the nature of the proceeding, see LSA-C.C.P. art. 5094, in respect to the circumstance that the court might obtain personal jurisdiction to render an alimony judgment. The petition may be considered as amended by the evidence at trial, so as now to allege defendant's domicile in Orleans Parish, but in my opinion the due process clause of La.Const. art. 1, § 2 requires notice to defendant and an opportunity to be heard on this allegation.
By remanding to afford defendant the opportunity to present evidence on quantum of alimony and by clear implication sufficient time to do so, we will effectively afford notice to defendant of the court's jurisdiction in personam over him as an Orleans domiciliary, and an opportunity to present evidence on this question as well by appropriate procedure in this same suit. But I believe our opinion should point out that our determination of domicile, based on evidence by plaintiff not admissible under any allegation of plaintiff's petition, cannot constitutionally preclude a reexamination of domicile by the trial court on a theory of res judicata, if defendant chooses to appear, through counsel of his own choosing, solely to except to the jurisdiction of the court and to present evidence (not his mere self-serving statement) that he is not an Orleans domiciliary.
Although I believe it preferable to have remanded the entire matter with instructions that the court's jurisdiction depends on a showing of reasonable effort by the appointed attorney to inform defendant he is now, by amendment of the petition, being sued as an absent Orleans domiciliary, the majority opinion will as a practical matter afford the attorney and, indispensably, the defendant such an opportunity, retrospectively satisfying in substance the due process requirement.
I therefore respectfully concur.
NOTES
[1] The interlineation "N.O.La." is shown as written in defendant's letter of May 15, 1968.