CHASEZ, Judge.
This is a suit for alimony filed by Mrs. Antonina Zuccarello Caldas against her divorced husband Joao J. S. Caldas. Judgment was rendered in favor of defendant on his declinatory exceptions of insufficiency of service of process and lack of jurisdiction of his person, and plaintiff now takes this appeal.
The record reveals that on November 22, 1967 Joao J. S. Caldas, as a resident of and domiciled in the Parish of Orleans, filed suit for divorce from his wife An-tonina Zuccarello Caldas, based upon a voluntary separation for two years. On December 21, 1967 a divorce decree was rendered by default in favor of Joao J. S. Caldas.
On December 26, 1967 Mrs. Antonina Zuccarello Caldas filed this action for alimony under the provisions of LSA-C.C. article 160. Service of Process was made by leaving a copy of the citation and petition with Antonio F. Soares at 1502 Mandolin Street, New Orleans, the address furnished by Mrs. Caldas as the place for service.
On January 12, 1968, defendant through his counsel, filed a declinatory exception to plaintiff’s petition, on the ground that he had removed his domicile from the State of Louisiana and was not a resident of 1502 Mandolin Street in the City of New Orleans at the time the attempted domiciliary service was made.
On April 10, 1968 Mrs. Caldas filed a supplemental petition in which she alleged that her former husband Joao J. S. Caldas was an absent domiciliary of this State, and as such she requested that an attorney be appointed by the Court to represent him, and that service be made on this Court appointed attorney. The attorney who had filed defendant’s original declinatory exception was then made his Court appointed attorney, and service was made upon him.
On April 17, 1968 this Court appointed attorney again filed declinatory exceptions of insufficiency of service of process and, in addition, excepted to an alleged lack of jurisdiction over the person of the defendant.
On February 9, 1968 and April 10, 1968 Interrogatories and Cross Interrogatories were mailed by defendant’s Court appointed attorney and the attorney for plaintiff respectively, to defendant’s last known address, Feijo, Portugal. The answers to these interrogatories were subsequently made a part of this record and form the only basis for resolving the issues presented by this appeal.
Simply stated the question before us herein is whether the trial Court has acquired personal jurisdiction over the defendant to support a consideration of plaintiff’s claim for an alimony judgment against him through the service of process at his last residence in New Orleans, 1502 Mandolin Street, December 28, 1967, on the person of his former roommate, Antonio Soares, or the later service of process on his Court appointed attorney April 10, 1968.
First we will consider the question of the sufficiency of the service made on December 28, 1967.
LSA-C.C.P. 1234 provides the method for effecting a proper domiciliary service, *833 which establishes personal jurisdiction over the defendant, as follows:
“Art. 1234. Domiciliary service.
“Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment.”
The Sheriff’s return evidencing the service in this case reads as follows:
“Clerk’s Office, Room 402, Civil Courts Building 421 Loyola Avenue, New Orleans, Louisiana
“SHERIFF’S RETURN:
On this 28 day of Dec. 1967 served a copy of the within citation and accompanying petition on Joao J. S. Caldas by leaving same at his domicile 1502 Mandolin St. in the hands of friend, Antonio F. Soares, a person of suitable age and discretion, living and residing in said domicile, whose name and other facts connected, with this service I learned by interrogating the said friend, the said J. J. S. Caldas being absent from his domicile at time of said service.
Filed Jan 9, 1968 Returned same day,
Deputy Clerk Jack Roesky, Deputy Sheriff or
Civil District Orleans Parish.” Court.
The reverse side of the Sheriff’s return bears a notation indicating the time of service to he 7:30 o’clock P.M. on December 28, 1967.
As we stated previously the interrogatories submitted into evidence in this case are the only evidence before us upon which we can decide the question of the sufficiency of this service.
In answer to questions presented in these interrogatories defendant stated that he left the City of New Orleans on December 27, 1967 for Lisbon, Portugal. He arrived in Portugal on December 28, 1967 and has not returned to New Orleans since that date. Prior to his departure he liquidated all of his assets in New Orleans, closed his bank account, sold his car and his television set. He took with him his clothes and his personal belongings. He stated that he does not intend to return again to his former address, 1502 Mandolin Street, New Orleans.
The plaintiff presented no evidence to dispute the fact that defendant no longer resided at-1502 Mandolin Street on December 28, 1967 when domiciliary service was attempted then upon him. Instead she relies on Karlsson v. Rabinowitz, 318 F.2d 666 (U.S.C.A. 4th Cir. 1963) wherein the Court recognized as valid a service in the State of Maryland upon the wife of a defendant who had moved to Arizona, and who was in the process of finding a home in Arizona for his wife and children who were still living in his old domicile in Maryland until the new home was ready for them. The Court in Karlsson made these comments at page 668:
“[1] To the extent that there is any rule or guide to be followed by the federal courts in such a case it is that where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d) (1) should be liber *834 ally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial' on the merits.”
While we recognize that Federal Rule 4(d) (1) is the source provision for our LSA-C.C.P. article 1234, and while we approve the result reached in Karls-son because it appears the absent defendant in that case had his domicile in Maryland at the time the service was made, we are not willing to extend the rationale in the Karlsson case to the situation herein. LSA-C.C.P. article 1234 provides that domiciliary service shall be made at the dwelling house or usual place of abode of the person to be served. Guedry Finance Company v. Breland, 192 So.2d 884, La.App. 4 Cir. 1966. The record before us clearly indicates that on December 28, 1968, 1502 Mandolin Street was no longer defendant’s residence or usual place of abode. Merely because defendant subsequently received actual notice of this service does not cure the inherent defect in it. Were we to hold otherwise under the particular facts of this case we would render the provision of LSA-C.C.P. art. 1234 meaningless. In Karlsson service was made upon the wife of defendant at the place which had been their domicile together. They were not divorced or judicially separated and in fact were only apart while he was finding a new home for her and their children.
Clearly we cannot equate that situation with the one before us.
We will now consider plaintiff’s contention that the trial Court acquired personal jurisdiction over the defendant by the service of process on April 10, 1968 on his Court appointed attorney.
LSA-C.C.P. art. 6(2) provides:
“Art. 6. Jurisdiction over the person
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:

“(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
‡ % ‡ ‡ if; >{;
In the recent case of Puissegur v. Puisse-gur, 220 So.2d 547 (1969), we had occasion to interpret the provisions of that article as it relates to just such a situation as is present in the case before us here. We found that under the provisions of this article the court does acquire personal jurisdiction to support an alimony judgment against an absent defendant, by service upon his attorney appointed by the Court to represent him, when the absent defendant is domiciled in this State as provided by the above quoted Code of Civil Procedure article 6(2).
The question then becomes one of deciding whether the defendant was a domiciliary of the Parish of Orleans when service was made on his Court appointed attorney.
Clearly defendant, by his own admission, was a domiciliary of this Parish when he filed his suit for divorce from the plaintiff on November 22, 1967. Further he had done nothing which would have changed this status when the divorce decree was rendered on December 21, 1967. However did his subsequent move to Portugal affect his status as a domiciliary of this Parish?
In Successions of Rhea, 227 La. 214, 78 So.2d 838 (1955) as quoted by us in Puissegur v. Puissegur, supra, at page 550, our Supreme Court made these statements after reviewing LSA-C.C. arts. 38, 41 and 46:
“‘[1] A change of domicile is brought about by the actual residing in another place with the intention of making it the principal establishment or home. The main question for us to decide in this case is where was the Rheas’ *835 home or in the language of the Code their principal establishment?
“ ‘[2,3] While the presumption of original domicile continues until fixed elsewhere, whenever a person has acquired a residence elsewhere and actually resides there this will be presumed to be his domicile until the contrary is shown. Succession of Steers, 47 La.Ann. 1551, 18 So. 503; Kastel v. Commissioner of Internal Revenue, 5 Cir., 136 F.2d 530. The presumption arising from actual residence in a place is that the party intends to remain there. In other words, where a person lives is taken prima facie to be his domicile until the facts show the contrary.’ ”
For our determination of this question in the case before us we must refer again to interrogatories and cross-interrogatories filed of record herein. On December 28, 1967 defendant arrived in Portugal. He no longer retained any assets or belongings in New Orleans. He stated that he had not yet decided whether he would make Portugal his permanent home, and he did not intend to abandon his American citizenship; however, he stated he had no intention of returning to his former residence. He stated he had taken a six month lease on an apartment in Portugal. He had indicated Lisbon, Portugal as his place of residence on his passport prior to his departure from the United States, and he had notified the U. S. Social Security Administration of his change of address to Portugal shortly after his arrival there. We can only conclude under these facts that at the time defendant’s Court appointed attorney was served on April 10, 1968, defendant was no longer domiciled in the Parish of Orleans. Thus the trial Judge was correct in sustaining defendant’s de-clinatory exception to the Court’s lack of jurisdiction over his person.
For the reasons hereinabove set forth, the judgment appealed from is affirmed; appellant to pay all costs of this appeal.
Affirmed.